UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RALPH HOLMES, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br>SALVADOR A. GODINEZ, et al.,<br><br>Defendants. | Case No. 11 C 2961<br><br>Honorable Marvin E. Aspen<br><br>Magistrate Judge Sheila Finnegan<br><br>**REDACTED PUBLIC VERSION** |

**PLAINTIFFS' MOTION TO COMPEL TESTIMONY OF DR. LOUIS SHICKER**

Before they produced any emails or made any witnesses available for testimony in this matter, Defendants successfully moved the Court to prevent Plaintiffs from deposing IDOC medical director Dr. Louis Shicker on the representation that he had no involvement as to IDOC policy or practice concerning deaf or hard of hearing inmates. ██████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ██████████████████████ Accordingly, Plaintiffs are entitled to take Dr. Shicker's testimony and move the Court for an order compelling Defendants to make him available for deposition.

**I.      Procedural Background**

1.      Plaintiffs allege in this case, among other things, that Defendants deny deaf and hard of hearing inmates effective means to communicate with healthcare personnel, thereby

preventing the inmates from fully and accurately describing their health problems, understanding treatment they receive, and participating in healthcare programs the same as hearing prisoners.

2.     On September 7, 2012, Defendants served initial disclosures identifying Dr. Shicker as a witness whom Defendants believe possesses information relevant to Plaintiffs' claims, specifically as to IDOC's "medical policies regarding hearing impaired inmates." Plaintiffs therefore noticed Dr. Shicker's deposition.  But notwithstanding their representation that Dr. Shicker possesses relevant information, Defendants did not make Dr. Shicker available for testimony but instead filed a motion to strike his deposition.  *See* Dkt. No. 116.

3.     Defendants' motion asserted that there is "no reason to believe that" Dr. Shicker's deposition "would produce or lead to admissible evidence" as to relevant IDOC policies and procedures, and that Dr. Shicker did not participate in Defendants' alleged conduct, such that he is not a "fact witness and should not be required to be deposed."  *Id*. ¶ 5.   Defendants further represented at hearing on their motion that Dr. Shicker possesses no relevant knowledge about this case.  Plaintiffs argued by way of response that Defendants' request was premature, as they had not yet produced e-discovery as to Dr. Shicker nor any other witness.  *See* Dkt. No. 119.

4.     The Court granted Defendants' motion as to Dr. Shicker while directing Defendants to amend their initial disclosures to account for their reversed position as to Dr. Shicker and advising that Plaintiffs could revisit the issue in the future as appropriate, in light of further developments in discovery.   On November 7, 2013, Defendants served amended disclosures that deleted reference to Dr. Shicker but did not identify any IDOC employee in his stead with knowledge of IDOC's medical policies as to deaf or hard of hearing inmates.

## II.     Dr. Shicker Was Directly Involved in Events Critical to This Case

5.     "In light of the strong policy favoring broad discovery, a defendant's case for restricted disclosure must be extremely persuasive." *Scott v. Edinburg*, 101 F.Supp.2d 1017,

1021 (N.D.Ill. 2000). Defendants argued in their motion that discovery should be restricted in this case because Dr. Shicker is a "public official," such that according to *Stagman v. Ryan*, 176 F.3d 986, 994-95 (7th Cir. 1999), he should not be deposed absent "some reason to believe that the deposition will produce or lead to admissible evidence." Dkt. No. 116 ¶ 4. Even accepting that Dr. Shicker is subject to that standard by virtue of his position at IDOC, the evidence is overwhelming that Dr. Shicker not only possesses relevant knowledge that will lead to admissible evidence, he is likely the most important IDOC witness concerning its failure to accommodate deaf and hard of hearing inmates within the context of medical treatment. Dr. Shicker's direct, personal involvement in that issue and others important to this case includes, only as a limited sampling, the following:

6. ███████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████

7. ███████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

██



8. 

9. 

10.      Plaintiffs are not aware of any other witness, let alone any other IDOC health services employee, with anywhere near Dr. Shicker's level of interaction with Wexford and apparent knowledge with regard to the various critically important issues described above.  It is a certainty that his testimony will lead to admissible – and indeed likely very meaningful – evidence in this case.

For the foregoing reasons, Plaintiffs are entitled to take Dr. Shicker's testimony and ask that the Court enter an order compelling Defendants to make him available for deposition.[1]

Dated: February 12, 2014

Barry C. Taylor
Amy F. Peterson
Laura J. Miller
Equip for Equality
20 North Michigan Avenue, Suite 300
Chicago, IL 60602
Telephone: (312) 341-0022
Facsimile: (312) 341-0295
BarryT@equipforequality.org
Amy@equipforequality.org
Laura@equipforequality.org

Respectfully submitted,

 _/s/ Joseph L. Motto_

Robert L. Michels
Nicole E. Wrigley
Kevin P. McCormick
Joseph L. Motto
Mary T. McCarthy
Ryan M. Dunigan
Lucas T. Pendry
Frederic C. Shadley
Winston & Strawn LLP
35 W. Wacker Dr.
Chicago, IL 60601-9703
Telephone: (312) 558-5600

---

[1] By agreement of the parties, Defendants shall have 14 days from the date of this filing, or until no later than February 26, 2014, to make a filing in response to this motion.

Facsimile: (312) 558-5700
rmichels@winston.com

Howard A. Rosenblum
National Association of the Deaf
8630 Fenton Street, Suite 820
Silver Spring, MD 20910
Telephone: (301) 587-1788
Facsimile: (301) 587-1791
howard.rosenblum@nad.org

Alan S. Mills
Uptown People's Law Center
4413 North Sheridan
Chicago, Illinois 60640
Telephone: (773) 769-1411
Facsimile: (773) 769-2224
alanmills@comcast.net

*Counsel for Plaintiffs*

## **LOCAL RULE 37.2 CERTIFICATION**

I certify pursuant to Local Rule 37.2 that Plaintiffs' counsel made a good faith effort to meet and confer with Defendants' counsel and to resolve the issue raised in this motion without Court intervention, but that effort was unsuccessful.


/s/   Joseph L. Motto

## CERTIFICATE OF SERVICE

I certify that on February 12, 2014, I caused a copy of the foregoing to be filed and served on counsel of record by way of the CM/ECF system.


/s/   Joseph L. Motto