**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RALPH HOLMES, DANIEL BAXTER, GEORGE CHILDRESS, HANNIBAL EASON, CURTIS FOSTER, CURTIS HALTERMAN, BILLY JOHNSON, WENDELL LANCASTER, DANIEL LORD, AARON WINFERT, and JASON WRIGHT, on behalf of themselves and all others similarly situated, | **Case No. 11 C 2961** |
| Plaintiffs, | **Honorable Marvin E. Aspen** |
| v. | |
| SALVADOR A. GODINEZ, Acting Director of Illinois Department of Corrections; and L. RACHEL MCKINZIE, Americans with Disabilities Act Coordinator, Illinois Department of Corrections, | |
| Defendants. | |

**EXHIBITS TO PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION FOR CLASS CERTIFICATION**

| | |
|---|---|
| Ex. 1 | Defendant's Supplemental Answers to Plaintiffs' First Set of Interrogatories *FILED UNDER SEAL* |
| Ex. 2 | IDOC3813 *FILED UNDER SEAL* |
| Ex. 3 | IDOC3814 *FILED UNDER SEAL* |
| Ex. 4 | IDOC3815 *FILED UNDER SEAL* |
| Ex. 5 | IDOC3816 *FILED UNDER SEAL* |
| Ex. 6 | IDOC3817 *FILED UNDER SEAL* |
| Ex. 7 | IDOC3822 *FILED UNDER SEAL* |
| Ex. 8 | IDOC3823 *FILED UNDER SEAL* |
| Ex. 9 | IDOC3824 *FILED UNDER SEAL* |
| Ex. 10 | IDOC3830 *FILED UNDER SEAL* |
| Ex. 11 | IDOC3831 *FILED UNDER SEAL* |
| Ex. 12 | IDOC3833 *FILED UNDER SEAL* |

| Ex. 13 | IDOC3835 *FILED UNDER SEAL* |
| --- | --- |
| Ex. 14 | IDOC3836 *FILED UNDER SEAL* |
| Ex. 15 | IDOC3837 *FILED UNDER SEAL* |
| Ex. 16 | IDOC3839 *FILED UNDER SEAL* |
| Ex. 17 | Cokely Expert Report *FILED UNDER SEAL* |
| Ex. 18 | Deposition of P. Keane, 1/3/14 *FILED UNDER SEAL* |
| Ex. 19 | Deposition of P. Keane, 6/23/14 *FILED UNDER SEAL* |
| Ex. 20 | Stanosheck Expert Report *FILED UNDER SEAL* |
| Ex. 21 | IDOC Administrative Directive 04.01.111 *FILED UNDER SEAL* |
| Ex. 22 | Deposition of R. McKinzie, Vol. I, 1/13/14 *FILED UNDER SEAL* |
| Ex. 23 | Deposition of R. McKinzie, Vol. II, 1/13/14 *FILED UNDER SEAL* |
| Ex. 24 | Deposition of E. Stanosheck, 10/2/14 *FILED UNDER SEAL* |
| Ex. 25 | Deposition of D. Cokely, 8/20/14 *FILED UNDER SEAL* |
| Ex. 26 | Deposition of W. Lancaster, 2/6/14 |
| Ex. 27 | Declaration of Winston & Strawn |
| Ex. 28 | Declaration of Equip for Equality |
| Ex. 29 | Declaration of Uptown People's Law Center |
| Ex. 30 | Declaration of National Association for the Deaf |

# EXHIBIT 1

**<u>FILED UNDER SEAL</u>**

# EXHIBIT 2

**<u>FILED UNDER SEAL</u>**

# EXHIBIT 3

**<u>FILED UNDER SEAL</u>**

# EXHIBIT 4

**<u>FILED UNDER SEAL</u>**

# EXHIBIT 5

**FILED UNDER SEAL**

# EXHIBIT 6

**<u>FILED UNDER SEAL</u>**

# EXHIBIT 7

**<u>FILED UNDER SEAL</u>**

# EXHIBIT 8

**<u>FILED UNDER SEAL</u>**

# EXHIBIT 9

**<u>FILED UNDER SEAL</u>**

# EXHIBIT 10

**<u>FILED UNDER SEAL</u>**

# EXHIBIT 11

**<u>FILED UNDER SEAL</u>**

# EXHIBIT 12

**<u>FILED UNDER SEAL</u>**

# EXHIBIT 13

**<u>FILED UNDER SEAL</u>**

# EXHIBIT 14

**<u>FILED UNDER SEAL</u>**

# EXHIBIT 15

**FILED UNDER SEAL**

# EXHIBIT 16

**FILED UNDER SEAL**

# EXHIBIT 17

**<u>FILED UNDER SEAL</u>**

# EXHIBIT 18

**<u>FILED UNDER SEAL</u>**

# EXHIBIT 19

**<u>FILED UNDER SEAL</u>**

# EXHIBIT 20

**FILED UNDER SEAL**

# EXHIBIT 21

**FILED UNDER SEAL**

# EXHIBIT 22

**FILED UNDER SEAL**

# EXHIBIT 23

**<u>FILED UNDER SEAL</u>**

# EXHIBIT 24

**<u>FILED UNDER SEAL</u>**

# EXHIBIT 25

**<u>FILED UNDER SEAL</u>**

# EXHIBIT 26

```
                 IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

RALPH HOLMES, DANIEL BAXTER,       )
GEORGE CHILDRESS, HANNIBAL EASON,  )
CURTIS FORSTER, CURTIS HALTERMAN,  )
BILLY JOHNSON, WENDELL LANCASTER,  )
DANIEL LORD, AARON WINFERT,        )
and JASON WRIGHT, on behalf of     )
themselves and all others          )
similarly situated,                )
                                   )
                    Plaintiffs,    )
                                   )
         -vs-                      )   No. 11 C 2961
                                   )
SALVADOR A. GODINEZ, Acting        )
Director of Illinois               )
Department of Corrections; and     )
L. RACHEL MCKINZIE, American       )
with Disabilities Act             )
Coordinator, Illinois Department   )
of Corrections,                    )
                                   )
                    Defendant.     )
_____ )
```

Deposition of WENDELL LANCASTER, taken before

Laura K. Kline, CSR, and Notary Public, pursuant to

the federal Rules of Civil Procedure for the United

States district Courts pertaining to the taking of

depositions, at Dixon Correctional Center, 2600 N.

Brinton, Dixon, Illinois, commencing at the hour of

10:00 o'clock a.m. on the 6th day of

February, A.D., 2014.

Page 78

1    lawsuit?
2         MR. MCCORMICK: Same objection.
3         THE WITNESS: From the lawsuit?
4    BY MR. LOVELLETTE:
5         Q.  Yes.
6         A.  Still I need you to be more specific what
7    you're asking.  The question is again, please?  The
8    question again, please.
9         Q.  What do you -- what are you asking to get
10   out of this lawsuit?  What do you want the Department
11   of Corrections to do?
12        MR. MCCORMICK: Objection, vague.
13        THE WITNESS: Okay.  Let me say the
14   question.  Maybe you understand, if you understand
15   then -- see, make sure I understand what you're asking
16   and if you agree the question you're asking.  You want
17   to know what I'm asking for with the IDOC in this
18   lawsuit?
19   BY MR. LOVELLETTE:
20        Q.  That's correct.
21        A.  I'm asking -- what I'm asking is for the
22   IDOC to be responsible to follow the law, to provide
23   full services to the deaf, full programming, full
24   programs.  I'm not sure what else I can say, but I

Page 79

1    need to think about it before I give any more of an
2    answer because I can't give an answer of what I want
3    or what I need, what I expect the IDOC to be ready to
4    do.  That's all.  So deaf programs.
5         Q.  What programs are you seeking?
6         MR. MCCORMICK: Objection, vague.
7    BY MR. LOVELLETTE:
8         Q.  Let me ask a different question.  What
9    programs were you just referring to?
10        MR. MCCORMICK: Objection, vague and
11   compound.
12        THE WITNESS: Deaf programs.  That is there
13   are too many to list, too many to explain.  It's too
14   big an issue.  It's not my job to explain all those
15   issues.  It's your job to know the law and to know all
16   the programs, all the programs, the processes,
17   everything that are offered here -- all -- so that's
18   --
19   BY MR. LOVELLETTE:
20        Q.  So are you referring to all the programs?
21        A.  Yes.
22        Q.  Have you asked in your time here at Dixon to
23   attend any programs that we haven't talked about
24   today?

Page 80

1         MR. MCCORMICK: Ever, over the whole course?
2    BY MR. LOVELLETTE:
3         Q.  That you weren't able to attend, yes.
4         MR. MCCORMICK: Not in the last year, over
5    the whole time?
6    BY MR. LOVELLETTE:
7         Q.  Since 2008.
8         A.  I don't understand.  It's vague.  When?
9    Recently or as long as I've been in prison or?
10        Q.  Since you've been at Dixon.
11        A.  Not of programs that I've been not able to
12   attend, yes, there are a lot.
13        Q.  Can you give some examples.
14        A.  I asked to join the violence prevention
15   workshop, other workshops like that.  I can't remember
16   their names.  I couldn't go.  Sometimes I go when
17   there's no interpreter available.
18        Q.  When you say you couldn't go, was that
19   because you couldn't understand because of your
20   deafness?
21        A.  Yes.
22        Q.  Any other programs?
23        A.  I don't know.  The list would be too long
24   for me to remember them all.

Page 81

1         Q.  Then I'll narrow it down to the last year.
2    Have you asked to go to a program within the last year
3    that you weren't able to go to?
4         A.  Hold on a minute.
5         Q.  Sure.
6         A.  Any other programs, wait a minute.  Right,
7    you're asking about any other programs?
8         Q.  Right.
9         A.  Not educational programs, limited to that?
10        Q.  Correct, any program.
11        A.  I don't know how to answer the question.  I
12   don't know that I can remember any right now.
13        Q.  Okay.  And your memory is what it is.
14   That's fair.
15        Have you asked for anything else to help you
16   communicate because of your deafness in the last year
17   that hasn't been provided that we haven't talked about
18   today?
19        A.  I don't understand that question.  Repeat
20   it, please.
21        Q.  In the last year is there anything that
22   you've asked for that you didn't get that we haven't
23   talked about today?
24        A.  Anything I ask for in the past year, I don't

# EXHIBIT 27

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RALPH HOLMES, DANIEL BAXTER, | ) | |
| GEORGE CHILDRESS, HANNIBAL | ) | |
| EASON, CURTIS FOSTER, CURTIS | ) | |
| HALTERMAN, BILLY JOHNSON, | ) | |
| WENDELL LANCASTER, DANIEL | ) | |
| LORD, AARON WINFERT, and JASON | ) | |
| WRIGHT, on behalf of themselves and | ) | |
| all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 11 C 2961 |
| | ) | |
| SALVADOR A. GODINEZ, Acting | ) | Judge Marvin Aspen |
| Director of Illinois Department of | ) | |
| Corrections; and L. RACHEL MCKINZIE, | ) | Magistrate Sheila Finnegan |
| American with Disabilities Act | ) | |
| Coordinator, Illinois Department of | ) | |
| Corrections, | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF WINSTON AND STRAWN LLP

Now comes Robert L. Michels on behalf of Winston and Strawn LLP, and declares as follows:

1. Litigation is Winston & Strawn's largest practice area with more than 500 attorneys across all U.S. and international offices, including 150 based in Chicago, Illinois. Our litigators are some of the most seasoned in the industry, bringing extensive courtroom experience to every matter our firm handles. This experience enables us to spot outcome-determinative legal issues earlier so we can prepare compelling arguments that support our clients' positions. Our long history of taking cases to trial – and winning – gives our clients tremendous settlement leverage with their adversaries, as well as confidence in a successful outcome if and when they go to trial.

2. In particular, the firm has developed a consistent record of success defending class action cases in state and federal courts, at both the trial and appellate levels, including cases in the Seventh Circuit. The practice is anchored by several seasoned class action lawyers, many of whom have been recognized by *Chambers USA*, *Chambers Global*, and other ranking organizations as being top practitioners in their field. With more than 300 attorneys across the firm who handle class actions, our experience includes consumer,

securities, wage and hour, employment/ADA, antitrust/competition, product liability, insurance, ERISA, and prisoner rights matters.

3. While we most often defend class actions, Winston & Strawn recently filed a high-profile federal class action antitrust lawsuit on behalf of plaintiff college football and basketball players seeking injunctive relief against the National College Athletic Association "NCAA" and the five NCAA "power conferences" (SEC, Big Ten, Pac-12, ACC, and Big-12). The players allege that the NCAA and the conferences have acted as a cartel to impose rules that eliminate competition for collegiate athletes and unlawfully restrain the markets for top-tier college sports talent.

### *Representative Experience – Inmate Civil Rights*

4. A Chicago litigation team secured a victory for an Illinois Department of Corrections (IDOC) inmate at an evidentiary "Pavey" hearing in the Seventh Circuit, successfully arguing that our client properly submitted and appealed a grievance under IDOC's grievance procedures before filing suit in federal court and thus should be permitted to proceed to trial on his underlying claim that guards violated his civil rights. Our attorneys presented an opening argument, cross-examined three IDOC employees, and elicited the client's narrative on direct examination.

5. Winston & Strawn attorneys, in collaboration with the ACLU of Southern California, Disability Rights California, and Disability Rights Legal Center, won class status for a group of disabled inmates with mobility impairments seeking accommodations under the Americans with Disabilities Act (ADA). The class includes all prisoners who are in the L.A. County Jail and need accommodations, and all future prisoners with disabilities, a group that could potentially number thousands of men and women. The lawsuit argues that the jail is not wheelchair accessible and that inmates with mobility impairments also experience discrimination because they are denied access to jail programs.

6. We secured a substantial settlement in a section 1983 matter for several inmates who were subjected to below freezing temperatures and injured by frostbite. On a frigid December morning, the inmates were escorted to the correctional center yard by two correctional employees in zero degree weather and locked out for two-and-a-half hours. Three of the inmates incurred frostbite from which they are unlikely to ever recover. The case proceeded all the way to trial after six depositions, an expert report, summary judgment motions, and more.

7. Our attorneys secured a significant settlement in a case involving allegations of medical malpractice and deliberate indifference to medical needs. For nearly three years, our client complained to state doctors of irritation and pain in his right thumb. He was repeatedly diagnosed with a mere infection, and sent away with limited prescriptions such as Motrin and band-aids. Ultimately, an outside specialist performed a biopsy, which revealed Squamous Cell Carcinoma. In the years that followed, our client underwent numerous excisions, resulting in the loss of a significant portion of his thumb.

*Representative Experience – Illinois Class Actions*

8. *In re Text Messaging Antitrust Litigation*
   Winston & Strawn represented Verizon Wireless in this MDL that consolidated more than 35 putative class actions filed in federal courts throughout the country in the U.S. District Court for the Northern District of Illinois. The first of these complaints was filed in September 2008 on the heels of a letter by then-U.S. Senator Herb Kohl of Wisconsin to wireless carriers asking for an explanation of their pricing practices. Plaintiffs alleged that Verizon Wireless and other U.S. wireless carriers conspired to fix prices for pay-per-use text messaging services in the United States. Defendants denied all of plaintiffs' allegations. In 2009, we successfully obtained a dismissal of plaintiffs' first amended complaint, and on May 19, 2014, the Court granted our client's motion for summary judgment.

9. *Premium Plus Partners, L.P. v Peter J. Davis, et al.*
   Winston & Strawn represented Goldman, Sachs & Co. in a shareholder class action in the Northern District of Illinois alleging violations of the Commodities Exchange Act for allegedly manipulating the U.S. Treasury market and injuring holders of short positions who were forced to cover at higher prices. Class certification was denied, and the case was resolved pursuant to Rule 68 on an individual basis only.

10. *In re Aqua Dots Product Liability Litigation*
    Our attorneys served as lead trial counsel for Spin Master Ltd. and jointly represented Target Corporation and Toys "R" Us in multidistrict class action litigation involving the marketing and advertising of a children's toy called Aqua Dots. The complaint alleged the toy contained a chemical, which, when swallowed, metabolized into the drug GHB, also known as the "date rape drug." After a product recall was done with the Consumer Product Safety Commission, nine class action suits were filed, including two in the Central District of California. After consolidating the cases before the Judicial Panel on Multi-District Litigation, we defeated class certification. The Seventh Circuit Court of Appeals affirmed this decision.

11. *TCPA Class Action*
    We defeated class certification a Fortune 500 distributor of industrial supplies in an action in the Northern District of Illinois that asserted claims under the federal Telephone Consumer Protection Act (TCPA) and alleged that our client sent the class members marketing faxes without permission or invitation. Early in the case, we identified various weaknesses of the putative class representative and convinced the court to allow limited and expedited discovery into those particular defenses. Following discovery, we moved for a determination that a class could not be certified because plaintiff was not an adequate class representative, and the court granted our motion.

12. *Alexander v. Caraustar*

Winston & Strawn achieved a noteworthy victory for Caraustar in a hybrid state-law and FLSA class/collective action alleging unpaid overtime and unlawful deductions. Plaintiffs sought unpaid overtime for alleged "off-the-clock" violations relating to time spent donning and doffing protective gear, walking between their donning/doffing stations and their work stations, for pre- and post-shift shift-change, and for certain pre-shift meetings. Our attorneys limited conditional FLSA certification to one client facility, and following extensive discovery, we filed a motion to dismiss. Plaintiffs subsequently withdrew most of their claims, and the court dismissed the remaining claims, with prejudice, as a sanction for plaintiffs' perjury.

13. *Independent Voters of Illinois, et. al. v. Amer Ahmad, City Comptroller and Chicago Parking Meters, LLC*

Winston & Strawn was trial counsel on behalf of Chicago Parking Meters, LLC (CPM) with regard to a constitutional challenge by a group of Chicago voters seeking to void the $1.15 billion, 75-year parking meter privatization contract between the City of Chicago and CPM, a consortium led by Morgan Stanley. We argued that the contract was constitutional because it did not result in an unlawful delegation of the City's police power and did not result in "purely" private benefits to CPM. Plaintiffs argued that the City had "sold" its police powers to CPM and that the contract violated the Illinois Constitution's public purpose provision. In a lengthy opinion, the Circuit Court of Cook County, Illinois, entered summary judgment in favor of CPM and the City, setting a precedent for future public-private partnerships between municipalities and private contractors.

### *Winston & Strawn Chicago Litigation Team*

14. **Bob Michels** is a partner who concentrates his practice in complex commercial litigation, white-collar criminal matters, and corporate internal investigations. Mr. Michels has represented various Fortune 500 companies and their executives in litigation involving a wide variety of issues and in various courts throughout the country, including through multi-district litigation and class actions. He has conducted approximately 20 jury trials, most of which have been in federal district court, and has handled and argued numerous appellate matters, including approximately ten arguments before the Seventh Circuit Court of Appeals. Prior to joining Winston & Strawn, Mr. Michels was an Assistant U.S. Attorney for the Northern District of Illinois from 1990-1995.

15. **Nicole Wrigley** is a partner who handles complex commercial litigation matters, including securities fraud class actions  and individual and class action consumer and product liability cases. Ms. Wrigley has handled numerous cases in state and federal

courts throughout the country at all stages of litigation and has been a member of multiple trial teams in both bench and jury trials. *Chicago Magazine* has recognized Ms. Wrigley as a "Rising Star" every year from 2010-2013. She has done considerable pro bono work, including the successful representation of prisoners in the Illinois Department of Corrections system.

16. **Kevin McCormick** is a senior associate with experience representing clients in complex commercial matters in a variety of areas, including class action defense, intellectual property disputes, breach of contract, and securities litigation. He currently represents Nissan North America, Inc. in a nationwide class action alleging defective design and manufacture of the left rear driver's seat anchor bracket in certain Nissan vehicles. He also has represented Dell Inc. in multiple consumer class actions alleging defects in laptop computer batteries and other claims.

17. **Joseph Motto** is an associate whose practice concentrates on securities litigation, white-collar criminal and regulatory defense, civil and criminal antitrust, and complex commercial litigation, including class actions. His recent engagements have included the representation of Cisco Systems, Inc. and Scientific-Atlanta, Inc. in separate securities fraud class actions in which the firm obtained dismissals for our clients.

18. **Mary McCarthy** is an associate with experience defending and litigating complex cases in federal and state courts from discovery through summary judgment, trial, and appeal. Her practice has involved a broad range of complex commercial litigation, including class actions, as well as patent litigation, securities litigation, white collar criminal defense, and employment matters. She recently was a member of the team on a week-long trial in Illinois state court over millions of dollars in unpaid insurance proceeds from the recall of a diet drug. She also has written numerous critical briefs, motions, and oppositions to motions that have led to favorable results for clients.

19. **Frederic "Fritz" Shadley** is an associate who joined the firm in 2012. While in law school, Mr. Shadley interned with the St. Joseph County Public Defender's Office where he represented clients in misdemeanor criminal matters. He also served as a Judicial Extern to the Honorable Herman J. Weber of the Southern District of Ohio. He received his J.D., *magna cum laude*, from the University of Notre Dame Law School.

20. **Ryan Dunigan** is an associate with experience representing clients in complex commercial matters in a variety of areas including class actions, patent litigation, and corporate internal investigations. He has participated in all aspects of litigation in federal and state courts, including fact and expert discovery, taking depositions, and trial preparation. He recently served as trial counsel for a jury trial in Illinois state court.

21. **Lucas Pendry** is an associate with experience in patent, trademark, commercial, antitrust, and product liability litigation matters. He currently is a member of the team representing a food industry client in a major defamation and disparagement action. Mr. Pendry has pro bono experience with family law, criminal defense, and civil rights litigation, and he completed a PILI Fellowship at Land of Lincoln Legal Assistance Foundation in Champaign, Illinois.

22. **Joelle Ross** is an associate who has experience representing clients in complex commercial matters in a variety of areas including patent litigation and class actions. She has experience in all areas of litigation, including fact discovery, taking depositions, and motion practice. Ms. Ross has pro bono experience with civil rights, asylum, and family law litigation.

23. I declare that the above statements are true and correct to the best of my knowledge.

Date: October 9, 2014                              Respectfully Submitted,

                                                    _/s/_ Robert L. Michels_____
                                                    Robert L. Michels
                                                    Winston & Strawn LLP
                                                    35 W. Wacker Dr.
                                                    Chicago, IL 60601-9703
                                                    Telephone: (312) 558-5600
                                                    Facsimile: (312) 558-5700
                                                    rmichels@winston.com

# EXHIBIT 28

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RALPH HOLMES, DANIEL BAXTER, GEORGE CHILDRESS, HANNIBAL EASON, CURTIS FOSTER, CURTIS HALTERMAN, BILLY JOHNSON, WENDELL LANCASTER, DANIEL LORD, AARON WINFERT, and JASON WRIGHT, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 11 C 2961 |
| | ) |
| SALVADOR A. GODINEZ, Acting Director of Illinois Department of Corrections; and L. RACHEL MCKINZIE, American with Disabilities Act Coordinator, Illinois Department of Corrections, | ) Judge Marvin Aspen ) ) Magistrate Sheila Finnegan ) ) ) ) |
| | ) |
| Defendants. | ) |

## DECLARATION OF EQUIP FOR EQUALITY

Now comes Barry C. Taylor on behalf of Equip for Equality, and declares as follows:

1.  Equip for Equality is the state-designated Protection and Advocacy agency for people with disabilities. See 42 U.S.C. ¶ 15043. Equip for Equality represents persons with disabilities in broad practice areas including but not limited to employment, education, guardianship and housing to combat discrimination and to promote community integration and self-determination. Equip for Equality lawyers regularly litigate individual cases on behalf of individuals with disabilities under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act. Equip for Equality also serves as class counsel in Ligas v. Hamos, No. 1:05-CV-4331 (N.D. Ill.), Williams v. Quinn, No. 05 C 4673 (N.D. Ill.), Colbert v. Quinn, No. 07-C-4737 (N.D. Ill.) and Rasho v. Godinez, 1:07-CV-1298-HAB-JAG (C.D. Ill.).

2.  Barry C. Taylor of Equip for Equality has been litigating individual and systemic disability-related cases since 1994. He is lead class counsel in Ligas v. Hamos, and serves as class

counsel in <u>Williams v Quinn,</u> <u>Colbert v. Quinn</u> and <u>Rasho v. Godinez</u>.  He also served as class counsel in <u>Access Living v. Chicago Transit Authority</u>, 00 C 0770 (N.D. Ill.).

3.  Laura J. Miller of Equip for Equality served as class counsel in the following disability rights cases: <u>Corey H. V. Board of Educ.</u>, No. 92 C 3409 (N.D. Ill.) (<u>see</u> 995 F. Supp. 900 (N.D. Ill. 1998)), <u>Calvin G. V. Board of Educ.</u>, No. 90 C 3248 (N.D. Ill.), and <u>Access Living v. Chicago Transit Authority</u>, 00 C 0770 (N.D. Ill.).  She also serves as class counsel in <u>Ligas v Hamos</u>, <u>Williams v. Quinn</u>, and <u>Rasho v. Godinez.</u>

4.  Amy F. Peterson of Equip for Equality serves as class counsel in <u>Williams v. Quinn</u> and has represented individuals with disabilities in community integration, discrimination and assistive technology cases since joining Equip for Equality in 2001.

5.  Rachel M. Weisberg is Staff Attorney at Equip for Equality, where she regularly represents individuals with disabilities in discrimination claims under the ADA and the Rehabilitation Act.

6.  I declare that the above statements are true and correct to the best of my knowledge.

/s/ Barry C. Taylor

Barry C. Taylor

October 9, 2014

Date

Barry C. Taylor
Equip for Equality
20 North Michigan Avenue
Suite 300
Chicago, IL  60602
312-341-0022

# EXHIBIT 29

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

RALPH HOLMES, *et al.*, on behalf of themselves
and all others similarly situated,

        Plaintiffs,

        v.

SALVADOR A. GODINEZ, Acting Director of
Illinois Department of Corrections; and L.
RACHEL MCKINZIE, Americans with
Disabilities Act Coordinator, Illinois Department
of Corrections,

        Defendants.

Case No. 11 C 2961

Honorable Marvin E. Aspen

Magistrate Judge Sheila Finnegan

**<u>Declaration of Alan Mills</u>**

I, Alan Mills, counsel for the Plaintiff and putative class in the above captioned case, state that the following is true and correct to the best of my knowledge:

1.      I am the Legal Director of the Uptown People's Law Center in Chicago, Illinois. I submit this declaration in support of the Plaintiffs' motion for class certification.

2.      I have litigated dozens of civil rights actions brought by prisoners in both federal and state courts, including both individual cases and class actions.

3.      I was appointed lead class counsel for the plaintiff class in *Westefer v. Snyder*, a case alleging that prisoners transferred to Tamms Correctional Center were not provided with a hearing which complied with the minimum requirements of due process. The order certifying the class and appointing me counsel is reported at 2006 U.S. Dist. LEXIS 64976 (S.D. Ill. September 12, 2006). The findings of fact and conclusions of law entered in plaintiffs' favor are reported at 2010 U.S. Dist. LEXIS 72758. (S.D. Ill., July 20, 2010).

4.    I have also participated as counsel in two class action suits (in addition to this case) challenging parole revocation procedures in the State of Illinois. *See King v. Walker*, No. 06cv204 (N.D. Ill) and *Morales v. Monreal*, No. 13cv7572 (N.D. Ill.).

5.    I am one of the counsel appointed to represent the plaintiff class in the following cases, both of which remain pending:

a.    *Rasho v. Walker*, 07-CV-1298, pending in the United States District Court for the Central District of Illinois, the Honorable Judge Mihm presiding (alleging mental health care provided to prisoners statewide by the Illinois Department of Corrections violates the Eighth Amendment) (class certification for settlement purposes entered May 6, 2011); and

b.    *Boyd v. Godinez*, 12-cv-704, currently pending in the United States District Court for the Southern District of Illinois, the Honorable Judge Gilbert presiding (alleging conditions at Vienna Correctional Center violate the Eighth Amendment) (class certification for settlement purposes entered September 16, 2013).

c.    *MH v. Montes*, 1:12−cv−08523, currently pending in the United States District Court for the Northern District of Illinois, The Honorable Andrea R. Wood presiding, in which plaintiffs allege that the Prisoner Review Board fails to comply with constitutional due process when revoking the parole of juveniles. The plaintiff class was certified and I was approved as one of the attorney to represent the class on May 8, 2014.

6.     In addition, I am one of the lead attorneys in a pending putative class action case in which class certification has yet to be granted:

     a.  *Lippert v. Gosh*, 10−cv−04603, currently pending in the United States District Court for the Northern District of Illinois, the Honorable Judge Ellis presiding (alleging that medical care provided statewide by the Illinois Department of Corrections violates the Eighth Amendment).

7.     The individual prisoner civil rights cases I have litigated which resulted in reported appellate decisions include: *Nelson v. Miller*, 570 F.3d 868 (7th Cir. 2009) (RLUIPA claim regarding denial of religious diet to prisoner at Tamms); *Pearson v. Welborn*, 471 F.3d 732 (7th Cir. 2006) (retaliation claim brought by prisoner at Tamms); *Dole v. Chandler*, 438 F.3d 804 (7th Cir. 2006) (reversal of summary judgment entered against prisoner plaintiff for failure to exhaust, in a case arising out of Menard); *Harper v. Albert*, 400 F.3d 1052 (7th Cir. 2005) (affirming judgment against plaintiff in an excessive use of force case arising from Menard); *Filmore v. Page*, 358 F.3d 496 (7th Cir. 2004) (reversing, in part, judgment against prisoner in an excessive use of force case arising from Menard); *Thomas v. Ramos*, 130 F.3d 754 (7th Cir. 1997) (affirming summary judgment in a due process case).

8.     I am a member in good standing of the bar of the State of Illinois.

     I declare under penalty of perjury that the foregoing is true and correct.


Date: October 9, 2014          s/Alan Mills
                                 Alan Mills, ARDC No. 6181054
                                 Uptown People's Law Center
                                 4413 N. Sheridan Road
                                 Chicago, IL 60640
                                 (773) 769-1410

# EXHIBIT 30

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RALPH HOLMES, DANIEL BAXTER, GEORGE CHILDRESS, HANNIBAL EASON, CURTIS FOSTER, CURTIS HALTERMAN, BILLY JOHNSON, WENDELL LANCASTER, DANIEL LORD, AARON WINFERT, and JASON WRIGHT, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 11 C 2961 ) |
| SALVADOR A. GODINEZ, Acting Director of Illinois Department of Corrections; and L. RACHEL MCKINZIE, American with Disabilities Act Coordinator, Illinois Department of Corrections, | ) Judge Marvin Aspen ) ) Magistrate Sheila Finnegan ) ) ) ) |
| Defendants. | ) ) |

<u>**Declaration of Howard A. Rosenblum**</u>

I, Howard A. Rosenblum, on behalf of the National Association of the Deaf, and serving as counsel for the Plaintiffs and putative class in the above captioned case, state that the following is true and correct to the best of my knowledge:

1.      I am the Chief Executive Officer, as well as the Legal Director, of the National Association of the Deaf in Silver Spring, Maryland. I submit this declaration in support of the Plaintiffs' motion for class certification.

2.      The National Association of the Deaf is the oldest national civil rights organization in the United States, and was founded by deaf and hard of hearing leaders in 1880

to preserve, protect and promote the civil, human and linguistic rights of all deaf and hard of hearing people in this country.

3.      The National Association of the Deaf, through its Law and Advocacy Center, represents deaf and hard of hearing persons in civil rights and communication access actions including but not limited to: prisons, medical service providers, education, employment, housing, telecommunications, and Internet services. Staff attorneys at the National Association of the Deaf lawyers regularly litigate individual and systemic cases on behalf of individuals with disabilities under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act.

4.      The National Association of the Deaf has served as class counsel in <u>Brunner v. Morgan Stanley</u>, No. 05-cv-01442-WWE (D. Conn.), and <u>Feldman v. Pro Football, Inc.</u>, No. 06-cv-02266-AW (S.D. Md.)

5.       Howard A. Rosenblum of the National Association of the Deaf has been litigating individual and systemic disability-related cases since 1992, and is licensed as an attorney in Illinois.

6.      I declare that the above statements are true and correct to the best of my knowledge.

<br>

/s/ Howard A. Rosenblum
Howard A. Rosenblum

   October 9, 2014
Date

Howard A. Rosenblum
National Association of the Deaf
8630 Fenton St., Suite 820
Silver Spring, MD 20910
301-587-1788
ARDC: 6209888

2