UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RALPH HOLMES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br> SALVADOR A. GODINEZ, <br><br> Defendant. | **Case No. 11 C 2961** <br><br> **Honorable Marvin E. Aspen** <br><br> **Magistrate Judge Sheila Finnegan** |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL**

Pursuant to Federal Rule of Civil Procedure 26(c), Local Rule 26.2 in accordance with the Agreed Confidentiality Order entered November 2, 2012 (ECF No. 70), Plaintiffs move this Honorable Court for leave to file under seal: (1) certain exhibits accompanying Plaintiffs' Opposition to Defendant's Motion for Summary Judgment; (2) portions of Plaintiffs' Response to Defendant's Statement of Uncontested Facts and Additional Facts describing those exhibits and certain deposition testimony; and (3) as well as portions of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment describing those exhibits and certain deposition testimony. In support of this motion, Plaintiffs state as follows:

1. On November 2, 2012, this Court entered an Agreed Confidentiality Order governing discovery in this case. In the course of exchanging documents as part of the discovery process, Defendant has produced documents designated "Confidential" or "Attorney Eyes Only" pursuant to paragraphs 2-3 of the Agreed Confidentiality Order, such that the documents are to be protected from disclosure to the public. The parties have also conducted depositions, portions of which have also been designated "Confidential" or "Attorney Eyes Only" under the Agreed Confidentiality Order.

2. Plaintiffs' Opposition to Defendant's Motion for Summary Judgment and Plaintiffs' Response to Defendant's Statement of Uncontested Facts and Additional Facts attach as exhibits and reference information obtained from documents designated as "Confidential" or "Attorney Eyes Only" by the Defendants, and also references deposition testimony designated as "Confidential" or "Attorney Eyes Only." These documents and depositions are as follows:

   a. Exhibit 3 is IDOC Administrative Directive 04.03.101 ("Offender Physical Examination") which was marked Confidential under the protective order at the time it was produced by Defendant.

   b. Exhibit 4 is the deposition transcript of IDOC Agency ADA Compliance Officer Patrick Keane, which at the time of the deposition, Defendant's counsel asked that it be marked Confidential under the protective order.

   c. Exhibit 8 is the deposition transcript of Stateville ADA Coordinator Kevin Senor, which at the time of the deposition, Defendant's counsel asked that it be marked Confidential under the protective order.

   d. Exhibit 9 is the deposition transcript of Dixon ADA Coordinator Troy Hendrix, which at the time of the deposition, Defendant's counsel asked that it be marked Confidential under the protective order.

   e. Exhibit 11 is the deposition transcript of former Graham ADA Coordinator Cassandra Davis, which at the time of the deposition, Defendant's counsel asked that it be marked Confidential under the protective order.

   f. Exhibit 12 is the deposition transcript of former IDOC Chief of Programs and Services Deborah Denning, which at the time of the deposition, Defendant's counsel asked that it be marked Confidential under the protective order.

g.  Exhibit 13 is the deposition transcript of former IDOC Deputy Chief Legal Counsel Rachel McKinzie, which at the time of the deposition, Defendant's counsel asked that it be marked Confidential under the protective order.

h.  Exhibit 14 is the deposition transcript of IDOC's 30(b)(6) witness Sandy Funk, which at the time of the deposition, Defendant's counsel asked that it be marked Confidential under the protective order.

i.  Exhibit 34 is Plaintiffs' Deposition Exhibit 327, an internal IDOC email produced as Confidential under the protective order.

j.  Exhibit 35 is the deposition transcript of IDOC Adult Basic Education Administrator Christine Boyd, which at the time of the deposition, Defendant's counsel asked that it be marked Confidential under the protective order.

k.  Exhibit 36 is a February 17, 2015 Letter from Plaintiffs' counsel to Defendant's counsel including confidential information relating to Plaintiff Ralph Holmes.

l.  Exhibit 38 is the deposition transcript of IDOC Medical Director Louis Shicker, which at the time of the deposition, Defendant's counsel asked that it be marked Confidential under the protective order.

m.  Exhibit 40 is the deposition transcript of Graham back-up ADA Coordinator Susan Griffin, which at the time of the deposition, Defendant's counsel asked that it be marked Confidential under the protective order.

  n. Exhibit 41 is Plaintiffs' Deposition Exhibit 195, a Wexford Policy, which was marked Confidential under the protective order at the time it was produced by Defendant.

  o. Exhibit 47 is the deposition transcript of Western Illinois ADA Coordinator Forrest Ashby, which at the time of the deposition, Defendant's counsel asked that it be marked Confidential under the protective order.

  p. Exhibit 57 is the deposition transcript of IDOC Manager of Office of Inmate Issues Terri Anderson, which at the time of the deposition, Defendant's counsel asked that it be marked Confidential under the protective order.

  3. Good cause exists for filing the above referenced exhibits and deposition testimony under seal. The exhibits and testimony reference confidential information relating to Plaintiffs or confidential information relating to internal IDOC procedures, which IDOC has described as non-public and confidential, and identify particular IDOC personnel as having involvement and responsibility with regard to certain IDOC practices and procedures, disclosure of which, according to IDOC, may expose the personnel to safety concerns and other risks associated with their work in a prison environment.

  4. Placing the above referenced exhibits and deposition testimony under seal and redacting references to such information in Plaintiffs' Opposition to Defendant's Motion for Summary Judgment and Plaintiffs' Response to Defendant's Statement of Uncontested Facts and Additional Facts will not prejudice either of the parties, and will serve the interests of justice and equity in this case.

  For the foregoing reasons, Plaintiffs respectfully request leave of this Court to file under seal certain exhibits accompanying Plaintiffs' Opposition to Defendant's Motion for Summary

Judgment, as well as the portions of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment and Plaintiffs' Response to Defendant's Statement of Uncontested Facts and Additional Facts describing those exhibits.


Date: February 20, 2015    Respectfully submitted,

    /s/ Robert L. Michels

| | |
|---|---|
| Barry C. Taylor | Robert L. Michels |
| Amy F. Peterson | Nicole E. Wrigley |
| Laura J. Miller | Kevin P. McCormick |
| Rachel Weisberg | Joseph L. Motto |
| Equip for Equality | Mary T. McCarthy |
| 20 North Michigan Avenue, Suite 300 | Ryan M. Dunigan |
| Chicago, IL 60602 | Lucas T. Pendry |
| Telephone: (312) 341-0022 | Frederic C. Shadley |
| Facsimile: (312) 341-0295 | Joelle L. Ross |
| BarryT@equipforequality.org | Winston & Strawn LLP |
| Amy@equipforequality.org | 35 W. Wacker Dr. |
| Laura@equipforequality.org | Chicago, IL 60601-9703 |
| | Telephone: (312) 558-5600 |
| | Facsimile: (312) 558-5700 |
| | rmichels@winston.com |
| | |
| Howard A. Rosenblum | Alan S. Mills |
| National Association of the Deaf | Uptown People's Law Center |
| 8630 Fenton Street, Suite 820 | 4413 North Sheridan |
| Silver Spring, MD 20910 | Chicago, IL 60640 |
| Telephone: (301) 587-1788 | Telephone: (773) 769-1411 |
| Facsimile: (301) 587-1791 | Facsimile: (773) 769-2224 |
| howard.rosenblum@nad.org | alanmills@comcast.net |
| | |
| | *Counsel for Plaintiffs* |

**CERTIFICATE OF SERVICE**

      The undersigned attorney hereby certifies that on February 20, 2015, a copy of the foregoing was electronically filed with the Clerk of the Northern District of Illinois of the United States District Court using the CM/ECF system and thereby served upon:

>Kevin Lovellette
>Assistant Attorney's General
>General Law Bureau
>100 W. Randolph St., 13th Floor
>Chicago, IL 60601
>KLovellette@atg.state.il.us

                                                        By: /s/ Kevin P. McCormick
                                                          One of the attorneys for Plaintiffs