# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RALPH HOLMES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 11 C 2961 |
| ) | Hon. Marvin E. Aspen |
| SALVADOR A. GODINEZ, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiffs, eleven deaf or hard of hearing prisoners, brought this class action on behalf of themselves and others similarly situated against Defendant Salvador A. Godinez, the Acting Director of the Illinois Department of Corrections ("IDOC"). Plaintiffs allege that IDOC has denied them hearing accommodations needed to effectively communicate with IDOC staff and others, participate in IDOC programs and services, and follow safety warnings and directives. The complaint alleges violations of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and the United States Constitution. The parties have requested a bench trial.

Presently before us are eight motions in limine filed by the parties in preparation for trial. As set forth below, we deny the parties' motions but reopen discovery for sixty days for the limited purposes outlined below.

## STANDARD OF REVIEW

Pursuant to our "inherent authority to manage the course of trials," we have broad discretion when ruling on evidentiary questions raised by motions in limine. *Luce v.*

*United States*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 463 (1984); *Perry v. City of Chi.*, 733 F.3d 248, 252 (7th Cir. 2013); *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). In limine rulings serve "to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997); *see Tzoumis v. Tempel Steel Co.*, 168 F. Supp. 2d 871, 873 (N.D. Ill. 2001). Such rulings allow the parties to focus their preparations, eliminate delays during trial, and enable us to preemptively exclude "evidentiary submissions that clearly ought not be presented . . . because they clearly would be inadmissible for any purpose." *Jonasson*, 115 F.3d at 440; *Goldberg v. 401 N. Wabash Venture LLC*, No. 09 C 6455, 2013 WL 1816162, at *1 (N.D. Ill. Apr. 29, 2013); *Casares v. Bernal*, 790 F. Supp. 2d 769, 775 (N.D. Ill. 2011); *Thomas v. Sheahan*, 514 F. Supp. 2d 1083, 1087 (N.D. Ill. 2007).

Unless the moving party can demonstrate that the challenged evidence is clearly inadmissible on all possible grounds, we must defer our evidentiary ruling until trial. *Thomas*, 514 F. Supp. 2d at 1087; *Anglin v. Sears, Roebuck & Co.*, 139 F. Supp. 2d 914, 917 (N.D. Ill. 2001); *Tzoumis*, 168 F. Supp. 2d at 873. We can then accurately assess the foundation, relevance, and potential prejudice of the evidence in the context of the trial as a whole. *Casares*, 790 F. Supp. 2d at 775; *Thomas*, 514 F. Supp. 2d at 1087; *Tzoumis*, 168 F. Supp. 2d at 873. In a bench trial, as here, the dangers of unfair prejudice, irrelevancy, and confusion are minimal, so motions in limine are less important than in a jury trial. *See United States v. Lim,* 57 F. App'x 701, 704 (7th Cir. 2003); *United States v. Shukri*, 207 F.3d 412, 419 (7th Cir. 2000) ("In a bench trial, we assume that the district court was not influenced by evidence improperly brought before it unless there is evidence to the contrary."); *Ashford v. Gilmore*, 167 F.3d 1130, 1136 (7th Cir. 1999) ("[T]he law presumes that judges are not influenced by improper evidence

brought before them."); *United States ex rel. Placek v. Illinois*, 546 F.2d 1298, 1305 (7th Cir. 1976) ("[W]hen we have held that evidence was improperly admitted in a bench trial, we have refused to presume that the trial judge considered it in reaching his verdict."); *City of Joliet v. Mid-City Nat. Bank of Chi.*, No. 5 C 6746, 2012 WL 5463792, at \*11 (N.D. Ill. Nov. 5, 2012) ("Rule 403's concerns carry significantly less weigh in a bench trial, where there is a presumption that the court is not improperly influenced by the evidence brought before it."); *Bone Care Intern., LLC v. Pentech Pharmaceuticals, Inc.*, No. 8 C 1083, 2010 WL 3894444, at \*1 (N.D. Ill. Sept. 30, 2010) (finding that in a bench trial, "the trial judge has flexibility to provisionally admit testimony or evidence and then discount or disregard it if upon further reflection it is entitled to little weight or should not have been admitted at all"); *Lewis v. City of Chi.*, No. 98 C 5596, 2005 WL 693618, at \*1 n.1 (N.D. Ill. Mar. 22, 2005) ("In the context of a bench trial, however, Rule 403 objections have no logical application and are routinely overruled.") (*rev'd on other grounds*); *Barna v. United States*, 183 F.R.D. 235, 239 (N.D. Ill. 1998) ("[M]otions in limine to strike party experts are less important in bench trials. . . . I will decide at trial whether the opinions should be given credence and what weight to attach to them.") Because a ruling on a motion in limine is "subject to change as the case unfolds," we reserve the option of revisiting our preliminary evidentiary determinations as appropriate at trial. *Luce*, 469 U.S. at 41, 105 S. Ct. at 463; *Perry*, 733 F.3d at 252; *Thomas*, 514 F. Supp. 2d at 1087.

## ANALYSIS

Plaintiff filed six motions seeking to preclude multiple defense exhibits and witnesses. (*See* Dkt. Nos. 323–26). Defendant filed two motions asking us to bar deposition testimony

offered by Plaintiffs along with certain exhibits and witnesses. (*See* Dkt. Nos. 329–30.) We discuss each motion in turn.

**I.     Plaintiffs' Motion to Bar Defendant from Calling Witnesses Not Timely Disclosed**

In their first motion, Plaintiffs request that we bar eleven defense witnesses from testifying under Rule 37(c). (*See* Dkt. No. 323 at 1.) Plaintiffs argue that these eleven witnesses, ADA coordinators at various IDOC facilities, were not disclosed until March 28, 2016, a year and a half after discovery had closed. (*Id*. at 2.) According to Plaintiffs, because Defendant did not disclose the names of the eleven ADA coordinators prior to the end of discovery, Plaintiffs were unable to depose the witnesses and are prejudiced. (*Id.* at 4.) Defendant opposes Plaintiffs' motion and argues that due to the fluid nature of the ADA coordinator position, Defendant was unable to provide accurate witness lists during initial discovery but disclosed "the facility ADA coordinator" at various IDOC facilities and updated the names of the ADA coordinators as soon as new information became available. (*See* Dkt. No. 335 at 3.) Defendant additionally notes that because direct examination will be submitted through declarations prior to trial, Plaintiffs will have ample time to review the ADA coordinators' exact testimony prior to cross-examination at trial. (*Id*. at 8.) We agree with Defendant and deny Plaintiffs' motion.

   *a. Rule 26(a) initial disclosures*

Rule 26(a) requires a party to voluntarily disclose to the other parties; "(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information–along with the subjects of that information–that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). "The purpose of Rule 26(a)(2) is to allow the parties to prepare their cases adequately and efficiently, and to prevent undue surprise." *Buzinski v. Am. Airlines, Inc*., No. 8 C 3966, 2009 WL 1616512, at *2

(N.D. Ill. June 5, 2009) (citing *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 641 (7th Cir. 2008)). Rule 26(e) requires a party to supplement or amend its disclosures, discovery responses, or interrogatory answers if he learns that information previously disclosed or an earlier discovery response is "incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). A party need not supplement an initial disclosure if the new witness's identity is made known to the opposing party in the course of discovery. *Krawczyk v. Centurion Capital Corp.*, No. 6 C 6273, 2009 WL 395458, at *6 (N.D. Ill. Feb. 18, 2009) (holding that plaintiff's disclosure of "unknown representatives" adequately notified defendants that plaintiff might rely on company representatives and thus, complied with Rule 26(a)); *Weiland v. Linear Const., Ltd.*, No. 0 C 6172, 2002 WL 31307622, at *3 (N.D. Ill. Oct. 15, 2002) (finding that plaintiffs had no duty to supplement Rule 26 disclosures where they initially indicated that they intended to call a representative of company and later disclosed the name of the representative when his identity became available). The exclusion of non-disclosed evidence is "mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless." *Rossi v. City of Chi.*, 790 F.3d 729, 738 (7th Cir. 2015) (citing *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004)).

    b. *Defendant's Disclosures Complied with Rule 26(a)*

On September 7, 2012, Defendant filed initial Rule 26(a) disclosures. (*See* Dkt. No. 323–3.) In those disclosures, Defendant identified "the facility ADA coordinator" at ten IDOC facilities as individuals who may have information used to support Defendant's case, as required under Rule 26(a). (*Id.* at 2–3.) Along with identifying the broad category of "facility ADA coordinator," Defendant also named the individual serving as ADA coordinator at the time of

disclosure. (*Id*. ("The facility ADA coordinator at Pontiac Correctional Center, currently Marvin Reed . . . .").) A year later, on November 7, 2013, Defendant supplemented his Rule 26(a) disclosures in accordance with Rule 26(a)(1)(A). (*See* Dkt. No. 323–4.) The updated disclosures amended the current ADA facility coordinator witness where initial disclosures were out of date due to personnel changes at the ADA coordinator position. (*See id*. at 5 ("The facility ADA coordinator at Pontiac Correctional Center, currently Annebelle Moteller . . . .").) Defendant continued to update the list of current ADA coordinators through March 2016. (*See* Dkt. No. 323–9.) Based on Defendant's good faith supplemental disclosures, we find that he has complied with Rule 26(a). *Krawczyk*, 2009 WL 395458, at \*6; *Weiland*, 2002 WL 31307622, at \*3.

Even if Defendant did not comply with Rule 26 disclosure requirements, any such failure to disclose is both justified and harmless. *Rossi*, 790 F.3d at 738. Due to the fluid nature of the ADA coordinator position, Defendant did not know who would hold the position at the time of trial. Accordingly, Defendant notified Plaintiffs of his intention to call the current ADA coordinator at various IDOC facilities. Plaintiffs' motion in limine concerning undisclosed ADA coordinators is denied. (*See* Dkt. No. 323.) However, to avoid any prejudice to Plaintiffs, we reopen discovery for sixty days to permit Plaintiffs to depose any newly disclosed witnesses.

## II. Plaintiffs' Motion to Limit Evidence at Trial to Conditions Existing in IDOC Facilities as of the Close of Discovery

Plaintiffs' second motion seeks the exclusion of post-discovery IDOC conditions where no discovery was taken. (*See* Dkt. No. 324.) Plaintiffs argue that without such a restriction "trial would be a free-for-all with Plaintiffs having no notice of the conditions that [Defendant is] challenging and no ability to contest the sufficiency of those conditions through discovery."

(*See* Dkt. No. 324 at 2.) Defendant argues that because Plaintiffs are seeking prospective injunction relief, current prison conditions, not conditions as of September 2014, are relevant to Plaintiffs' claims.

### a. Current Conditions Evidence

The Supreme Court has held that prisoners seeking injunctive relief for a "'contemporary violation of a nature likely to continue,' . . . must come forward with evidence from which it can be inferred that defendant-officials were at the time the suit was filed, . . . during the remainder of the litigation and into the future" violating plaintiffs' rights. *Farmer v. Brennan*, 511 U.S. 825, 846, 114 S. Ct. 1970, 1983 (1994). Accordingly, "the inmate may rely, in the district court's discretion, on developments that postdate the pleadings and pretrial motions, as the defendants may rely on such developments to establish that the inmate is not entitled to an injunction." *Id.*; *see also Brown v. Plata*, 563 U.S. 493, 523–34, 131 S. Ct. 1910, 1935–36 (2011) (affirming three-judge panel's discovery order in prison condition case permitting discovery up to a month before trial). Again, to avoid any potential prejudice to either party, discovery will also be reopened for sixty days to allow the parties to inquire into any current prison conditions. Plaintiffs' motion is denied. (*See* Dkt. No. 324.)

## III. Plaintiffs' Motion to Bar Evidence of IDOC's Financial or Budgetary Constraints, Undue Cost or Expense

Plaintiffs' third motion asks us to bar evidence of IDOC's financial or budgetary constraints under Rules 401 and 402. (*See* Dkt. No. 325.) Defendant opposes the motion and argues that evidence concerning IDOC's budgetary constraints goes directly to whether Plaintiffs' requested accommodations are "reasonable" under the ADA. (*See* Dkt. No. 334 at 12.) We agree with Defendant and deny Plaintiffs' motion.

a. *Reasonable Accommodation*

Under Title II of the ADA, Plaintiffs must show: (1) that they are qualified individuals with a disability; (2) who were either excluded from participating in, or denied the benefits of, a public entity's services, programs, or activities; and (3) such exclusion, denial of benefits, or discrimination was by reason of their disability. *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015); *Love v. Westville Corr. Ctr.*, 103 F.3d 558, 560 (7th Cir. 1996); *Phipps v. Sheriff of Cook Cty.*, 681 F. Supp. 2d 899, 913 (N.D. Ill. 2009); *see* 42 U.S.C. § 12132. Public entities are only required to make "reasonable modifications [1] in policies, practices or procedures." 28 C.F.R. § 35.130(b)(7). In the prison context, whether accommodations are reasonable must be judged "in light of the overall institutional requirements," including "[s]ecurity concerns, safety concerns, and administrative exigencies." *Love*, 103 F.3d at 561; *see also Tucker v. Tennessee*, 539 F.3d 526, 532–33 (6th Cir. 2008) (citing *Tennessee v. Lane*, 541 U.S. 509, 532, 124 S. Ct. 1978, 1993–94 (2004)); *Phipps*, 681 F. Supp. 2d at 920 (holding that the reasonableness "inquiry is somewhat more complex when considering Title II claims in the prison context," but generally must be "determined on a case-by-case basis by balancing the cost to the defendant and the benefit to the plaintiff") (internal citations omitted); 28 C.F.R. § 35.130(h).

---

[1] Plaintiffs argue that Defendant is foreclosed from making an "undue burden defense" because Defendant failed to issue a statement disclosing the undue burden defense as is required by statute. *See* § 35.164 (Before denying a proposed accommodation, the public entity "has the burden of proving that compliance with [§ 35.160] would result in such alterations or burdens." It must also issue a "written statement of the reasons" for its conclusion, and ensure that the alternative aids offered provide the hearing-impaired individual with the services at issue "to the maximum extent possible.") Defendant asserts that he is not raising an undue burden or fundamental alternation defense, but is instead alleging that any additional modifications requested by Plaintiffs are not reasonable. Accordingly, Defendant need not issue a written statement under § 35.164.

Here, Defendant is entitled to present evidence of IDOC's financial restraints in so much as that testimony sheds light on the reasonableness of Plaintiffs' requested accommodations. *Love*, 103 F.3d at 561; *Phipps*, 681 F. Supp. 2d at 920. Plaintiffs' motion is denied. (*See* Dkt. No. 325.)

**IV.    Plaintiffs' Motion to Bar Evidence of Crimes, Convictions and Sentences**

Plaintiffs ask us to exclude any evidence concerning the criminal convictions of Plaintiffs or Plaintiffs' witnesses under Rules 401–04 and 609. (*See* Dkt. No. 325 at 4.) Defendant opposes the motion and argues that such testimony is permissible under Rule 609.

*a.  Rule 609: Impeachment by Evidence of Criminal Conviction*

According to Rule 609, a witness's felony conviction "must be admitted, subject to Rule 403[2], in a civil or criminal case in which the witness is not a defendant." Fed. R. Evid. 609(a)(1)(A). Rule 609 does limit the introduction of convictions if more than ten years have passed since "the witness's conviction or release from confinement, *whichever is later*." Fed. R. Evid. 609(b) (emphasis added). Because this is a bench trial, and because the relevant convictions are not barred by the ten year time limit, Plaintiffs' motion is denied. (*See* Dkt. No. 325.)

**V.    Plaintiffs' Motion to Exclude Evidence of Irrelevant Disciplinary Incidents and Bad Acts**

In their fifth motion in limine, Plaintiffs request that we bar any evidence of prior bad acts of Plaintiffs or Plaintiffs' witnesses. (*See* Dkt. No. 325 at 7.) Plaintiffs argue that this evidence is improper under Rule 608. We grant Plaintiffs' motion in part and deny it in part.

---

[2] In the case of a bench trial, Rule 403 objections are typically overruled. *See Lim,* 57 F. App'x at 704; *Shukri*, 207 F.3d at 419; *Ashford*, 167 F.3d at 1136 ; *United States ex rel. Placek*, 546 F.2d at 1305; *City of Joliet*, 2012 WL 5463792, at *11; *Bone Care Intern., LLC*, 2010 WL 3894444, at *1; *Lewis*, 2005 WL 693618, at *1 n.1.

      *a. Impeachment of a Witness through Evidence of Specific Instances of Conduct*

Generally, Federal Rule of Evidence 608(b) prohibits the use of extrinsic evidence to prove "specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). "[T]he court may, on cross-examination, allow [specific instances of conduct] to be inquired into if they are probative of the character for truthfulness" of any witness. *Id*. When other acts evidence is offered to show "witness bias, not his character for truthfulness in general, the limitations of Rule 608(b) do not apply." *United States v. Green*, 258 F.3d 683, 692 (7th Cir. 2001) (internal citations omitted). Accordingly, Defendant will be barred from offering bad act propensity evidence, but will be permitted to inquire into specific incidents of conduct on cross-examination to establish bias or the witnesses' character for truthfulness.

## VI. Plaintiffs' Motion to Exclude Certain Documents on Defendant's Proposed Exhibit List

Plaintiffs ask us to exclude fifty-two trial exhibits on hearsay grounds and four additional exhibits for failure to timely disclose. (*See* Dkt. No. 326.) We discuss both objections below.

      *a. Inadmissible Hearsay*

Plaintiffs contend that fifty-two defense exhibits, mostly email correspondence between IDOC staff, should be barred because they contain inadmissible hearsay. (*Id*.) Defendant opposes the motion and argues that the emails and other exhibits[3] are not being offered for the truth and, thus, are not hearsay.

Hearsay is "a statement," other than one made by the declarant "while testifying at the current trial or hearing," offered "in evidence to prove the truth of the matter asserted."

---

[3] Along with objecting to internal IDOC emails, Plaintiffs also object to IDOC transfer letters, IDOC communication plans, and various internal IDOC memoranda. (*See* Dkt. No. 326.)

Fed. R. Evid. 801(c). "Whether a particular statement is hearsay 'will most often hinge on the purpose for which it is offered.'" *United States v. Cruse*, 805 F.3d 795, 810 (7th Cir. 2015) (internal citation omitted). If a statement is hearsay, it is inadmissible at trial unless an exception to the hearsay rule applies. Fed. R. Evid. 802.

One such exception, Federal Rule of Evidence 803(6), provides that business records created under certain circumstances are not excluded as hearsay.

> "To qualify as a business record under Rule 803(6), (1) the document must be prepared in the normal course of business; (2) it must be made at or near the time of the events it records; and (3) it must be based on the personal knowledge of the entrant or on the personal knowledge of an informant having a business duty to transmit the information to the entrant."

*U.S. Bank, N.A. v. Ramos*, No. 11 C 2899, 2013 WL 1498996, at *6 (N.D. Ill. Apr. 11, 2013) (internal quotation omitted); *see also Thanongsinh v. Bd. of Educ.*, 462 F.3d 762, 775–79 (7th Cir. 2006). For our purposes, "[a] prison is clearly a 'business' within the meaning of [Rule 803(6)]," *Stone v. Morris*, 546 F.2d 730, 738 (7th Cir. 1976), and emails may qualify as "business records" if created in the normal course of business and properly authenticated, *Komal v. Arthur J. Gallagher & Co.*, 833 F. Supp. 2d 855, 859 (N.D. Ill. 2011) (finding that emails were admissible under business records exception).

While we question Defendant's assertion that the emails and other documents are not being offered for the truth, we cannot determine at this time whether Defendant can lay the proper foundation to classify the exhibits as business records under Rule 803(6).[4] Accordingly, we decline to rule on Plaintiffs' objections now and will consider each potential hearsay issue as it arises at trial. *Gage v. Metro. Water Reclamation Dist. of Greater Chi.*, 365 F. Supp. 2d 919, 926 (N.D. Ill. 2005) ("In order to exclude evidence on motions in limine, however, the evidence

---

[4] In fact, in response to a defense motion in limine, *Plaintiffs* argue that certain IDOC email correspondences are admissible business records. (*See* Dkt. No. 333 at 10.)

must be inadmissible on all potential grounds. . . . Otherwise, rulings should be deferred to the time of trial, so that questions of relevancy, foundation and potential prejudice may be resolved.")  To the extent that Defendant intends to offer hearsay exhibits under Rule 803(6) without laying the proper foundation for their admissibility, those exhibits will be barred.

      b. *Failure to Timely Disclose*

Plaintiffs additionally object to four defense exhibits under Fed. R. Civ. P. 26(e) and 37(c).  (*See* Dkt. No. 326.)  As discussed above, due to the prospective nature of this suit, evidence acquired after the close of discovery over a year ago may be highly relevant to both Plaintiffs' claims and Defendant's defenses and any untimely disclosure appears justified or harmless.  *Rossi*, 790 F.3d at 738.  Accordingly, in line with our previous ruling, we are reopening discovery for sixty days.  At that time, Plaintiffs may also inquire as to exhibits DX 67, 70, 71 and 72.  Plaintiffs' motion seeking to exclude exhibits disclosed after the close of discovery is denied.  (*See* Dkt. No. 326.)

## VII.    Defendant's Motion to Bar Plaintiffs' Deposition Testimony and Certain Witnesses

In his first motion in limine, Defendant asks us to preclude Plaintiffs from offering deposition testimony of twenty-two witnesses.[5]  (*See* Dkt. No. 328.)  Defendant also objects to Plaintiffs' witness list in its entirety.  (*Id.*)

      a. *Deposition Designations*

Rule 32(a) governs the use of deposition testimony at trial.  Fed. R. Civ. P. 32(a). According to Rule 32(a)(3), "an adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee

---

[5] Specifically, Plaintiff offers deposition testimony of nineteen IDOC employees and three IDOC Rule 30(b)(6) designees.  (*See* PTO (Dkt. No. 332–2).)  Thirteen of the witnesses are located over 100 miles from the trial site and twenty of the witnesses were deposed in their official capacity as IDOC employees.  (*See* Dkt. No. 332 at 3.)

under Rule 30(b)(6)." Fed. R. Civ. P. 32(a)(3). Additionally, "a party may use for any purpose the deposition of a witness, whether or not a party, if the court finds: (B) that the witness is more than 100 miles from the place of hearing or trial." Fed. R. Civ. P. 32(a)(4)(B). Plaintiffs seek to admit depositions of IDOC employees who either reside more than 100 miles from trial or were previously designated as 30(b)(6) deponents. The use of deposition testimony in these two contexts is permitted. Fed. R. Civ. P. 32(a)(3)–(4)(B); *Sara Lee Corp. v. Kraft Foods, Inc.*, 276 F.R.D. 500, 502 (N.D. Ill. 2011).

However, the decision to admit deposition testimony is within the sound discretion of the district court. *Hall v. Jung*, 819 F.3d 378, 383 (7th Cir. 2016); *Rascon v. Hardiman*, 803 F.2d 269, 277 (7th Cir. 1986). Accordingly, "[i]t follows that the court may control the manner in which deposition testimony is presented; indeed, trial courts are charged to 'exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth [and to] avoid needless consumption of time. . . .'" *Oostendorp v. Khanna*, 937 F.2d 1177, 1179 (7th Cir. 1991) (citing Fed. R. Evid. 611(a)). "Requiring deposition summaries can be a reasonable means of implementing the mandate of Rule 611." *Id*. at 1180; *see also Planned Parenthood of Columbia/Willamette, Inc. v. Amer. Coalition of Life Activists*, 290 F.3d 1058, 1083 (9th Cir. 2002) (holding that use of deposition summaries was within the court's discretion under 611(a)); *Israel Travel Advisory Serv. Inc. v. Israel Identity Tours, Inc.*, No. 92 C 2379, 1994 WL 30984, at *4 (N.D. Ill. Jan. 28, 1994) (finding "that using deposition summaries when the parties designate extensive portions of a deposition in the pretrial order is an efficient way . . . to present deposition testimony in a clear and cogent fashion and to manage cases with numerous witnesses"); MANUAL FOR COMPLEX LITIGATION (FOURTH) § 12.331 (2004)

("If the contents of a deposition are a necessary element of a party's proof, the preferred mode of presentation is a succinct stipulated statement or summary of the material facts that can be read to the jury. Most of the contents of pretrial depositions are irrelevant or at least unnecessary at trial; the material portions rarely exceed a few lines or pages. The judge should encourage the parties to agree on a fair statement of the substance of the testimony, possibly with the assistance of a magistrate judge.")

Here, Plaintiffs have submitted deposition designations from twenty-two witnesses and seek to offer nearly 1500 designations. Based on our review of the designations and Defendant's objections, we find that a comprehensive review of all designations, objections and proposed counter designations is impractical. *Ibrahim v. Dept. of Homeland Sec.*, No. 6 –545, 2013 WL 4549941, at *5 (N.D. Cal. Aug. 23, 2013) (holding that it was not practical for the court to individually rule on 161 objections to deposition designations in a motion in limine). Additionally, many of Plaintiffs' designations are confusing and incomplete when read in isolation.[6] Accordingly, in line with our inherent authority to manage the course of trial, and our duty to establish "procedures effective for determining the truth" under Rule 611, Plaintiffs shall submit depositions summaries for each witness they intend to offer in the form of depositions,

---

[6] *E.g.,* Deposition designation of Forrest Ashby, 26:7–26:15, "Q: (begins on previous, undesignated line) down to the TTY equipment. You had previously mentioned that Western had TTY? A: Yes. Q: What is–to your knowledge, what is the protocol for the TTY? A: If one of our deaf or hard of hearing offenders needs to use it we make it available to them. Q: In what way do you make it available?"

not to exceed ten pages[7] by September 6, 2016. Defendant shall respond to Plaintiffs' summaries by September 16, 2016. *Oostendorp*, 937 F.2d at 1179.[8]

      b. *Plaintiffs' Witness List*

Defendant objects to the number of Plaintiffs' witnesses under Rule 403. According to the pre-trial order, Plaintiffs' intend to offer twenty-one class member witnesses and deposition testimony of an addition twenty-two IDOC employees. (*See* PTO.) Defendant argues that these forty-three witnesses are cumulative and should be barred. (*See* Dkt. No. 329 ¶ 16.) Plaintiffs argue that each class member witness will testimony as to his or her specific experience at his or her specific IDOC facility.

      Rule 403 of the Federal Rules of Evidence states:

      Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403. Determining whether testimony is cumulative rests within the sound discretion of the district court. *United States v. Garner*, 211 F.3d 1049, 1055 (7th Cir. 2000) (internal citation omitted). "Evidence is 'cumulative' when it adds very little to the probative force of the other evidence in the case, so that if it were admitted its contribution to the determination of truth would be outweighed by its contribution to the length of the trial, with all

---

[7] If Plaintiffs find that they require more than the allotted number of pages to effectively summarize the witness's deposition testimony, they may seek leave to file longer summaries by August 12, 2016. *Oostendorp*, 937 F.2d at 1179.

[8] Based on our ruling requiring deposition summaries, we decline to rule on Defendant's specific objections to Plaintiffs' designations at this time. (*See* Dkt. No. 329.) However, when crafting their summaries, Plaintiffs are advised to keep in mind that deposition testimony may only be used at trial "to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying." Fed. R. Civ. P. 32(a)(1). Accordingly, deposition testimony may not include inadmissible hearsay under Rule 802 or testimony about which the witness lacked personal knowledge under Rule 602. Fed. R. Civ. P. 602; Fed. R. Civ. P. 802; *Sara Lee Corp.*, 276 F.R.D. at 502.

the potential for confusion, as well as prejudice to other litigants, who must wait longer for their trial." *United States v. Williams*, 81 F.3d 1434, 1443 (7th Cir. 1996).

Here, we find that Plaintiffs' witness list is not cumulative under Rule 403. Plaintiffs seek to present testimony of class members incarcerated at different IDOC facilities with differing degrees of hearing impairment. Also, because witness testimony will be presented prior to trial through written declarations, we do not believe that the number of witnesses will impact the length of trial. *See Williams*, 81 F.3d at 1443. Defendant's motion seeking to limit the number of Plaintiffs' witnesses is denied.

**VIII.    Defendant's Motion to Exclude Certain of Plaintiffs' Exhibits**

In his second and final motion, Defendant asks us to exclude eighty-three of Plaintiffs' proposed trial exhibits. (*See* Dkt. No. 330.) The majority of Defendant's objections are on either relevance or hearsay grounds. (*See id*. at 1–9.)

    *a. Relevance Objections*

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Rule 401 provides a low threshold for relevance. *Tennard v. Dretke*, 542 U.S. 274, 265, 124 S. Ct. 2562, 2570 (2004); *United States v. Boros*, 668 F.3d 901, 907 (7th Cir. 2012). Unlike in a jury trial, where we must balance the probative value of the evidence with the risk of undue prejudice or confusion, in a bench trial, judges typically admit evidence for even its limited relevant purpose. *See Lim*, 57 F. App'x at 704; *Matter of Mahurkar Double Lumen Hemoidalysis Catheter Patent Litig.*, 831 F. Supp. 1354, 1379 (N.D. Ill. 1993) ("There is of course a risk of undue prejudice in a jury trial; but as this was a bench trial, I admitted the evidence for its limited relevance.")

Generally, Defendant argues that exhibits concerning accommodations provided prior to the administrative directive, inmate grievance and grievance appeals, Wexford Health policies[9], internal IDOC emails concerning hard of hearing inmates or ADA accommodations, and medical records and notes of Plaintiff Foster are all irrelevant and should be excluded. (*See* Dkt. No. 330 at 1–9.) We disagree. Based on the low bar for relevance, we find that Plaintiffs' exhibits should not be excluded at this time. *Tennard*, 542 U.S. at 265, 124 S. Ct. at 2570; *Boros*, 668 F.3d at 907.

### a. Hearsay Objections

Defendant also objects to a variety of Plaintiffs' exhibits under Rule 802 as inadmissible hearsay. (*See* Dkt. No. 330 at 1–9.) Defendant objects to statements contained in IDOC medical records, grievances, and internal IDOC emails. (*See id.*) Plaintiffs argue that the Defendant's hearsay objections should be overruled because the documents are either: (1) not being offered for their truth, or (2) are statements of an opposing party and are excluded from the hearsay rule. (*See* Dkt. No. 333 at 6–7.)

As addressed in our discussion of Plaintiffs' sixth motion, an out of court statement offered for the truth of the matter asserted is hearsay and is inadmissible at trial. Fed. R. Evid. 801. By its definition, a statement not offered for its truth is not hearsay. *Id*. Additionally, the Rules provides for certain exclusions to the general hearsay definition outlined

---

[9] Defendant argues that Wexford policies do not apply to IDOC and thus are not relevant. (*See* Dkt. No. 330 at 3.) While we agree with Defendant that without more information concerning the contractual relationship between IDOC and Wexford, we cannot determine IDOC's vicarious liable for the actions of contractor Wexford, these documents may still be relevant to show Defendant's knowledge of gaps in the healthcare provided at IDOC. We admit the exhibits now and will rely on them only to the extent they are relevant. *See Lim*, 57 F. App'x at 704; *Matter of Mahurkar Double Lumen Hemoidalysis Catheter Patent Litig.*, 831 F. Supp. at 1379.

in Rule 801. Fed. R. Evid. 801(d). Most relevant here, an opposing party's statement offered against that party is not hearsay. Fed. R. Evid. 801(d)(2).

We find that Defendant's hearsay objections are without merit. The majority of Defendant's objections concern IDOC documents[10] and are excluded from the hearsay rule under Rule 801(d)(2). Inmate grievances, when offered for their non-hearsay notice purpose, are also permissible under Rule 801. Defendant's motion is denied. (*See* Dkt. No. 330.)

## CONCLUSION

For the reasons stated above, we deny Plaintiffs' motion concerning defense witnesses that were not timely disclosed, Plaintiffs' motion seeking to limit evidence to conditions at IDOC as of the close of discovery, Plaintiffs' motions concerning prior conviction evidence, Plaintiffs' motion concerning the disciplinary history of Plaintiffs or Plaintiffs' witnesses; Plaintiffs' motion concerning budgetary constraints of IDOC and Plaintiffs' motion asking us to bar certain defense exhibits. (*See* Dkt. Nos. 323–26.) We also deny Defendant's motion to bar Plaintiffs' deposition testimony and certain witnesses and Defendant's motion to exclude Plaintiffs' exhibits. (*See* Dkt. Nos. 329–30.)

We reopen discovery to allow the parties to inquire into current prison conditions and to allow Plaintiffs to depose any newly disclosed defense witnesses. Discovery will close on October 10, 2016.

By September 6, 2016, Plaintiffs shall submit deposition summaries not to exceed ten pages for each witness Plaintiffs intend to present through deposition testimony. Defendant

---

[10] We also note that many of these internal IDOC emails, memorandum and other documents are likely admissible under the business records exception to hearsay, discussed above. Fed. R. Evid. 803(6).

shall file any objections to Plaintiffs' summaries by September 16, 2016. The status date of

August 25, 2016 is stricken and reset to December 8, 2016. It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: August 2, 2016
       Chicago, Illinois