UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RALPH HOLMES, *et al.*, on behalf of themselves and all others similarly situated, ) ) ) | |
| Plaintiffs, ) | Case No. 11 C 2961 |
| v. ) ) | Honorable Marvin E. Aspen |
| JOHN BALDWIN, Acting Director of Illinois Department of Corrections; *et al.*, ) ) ) | Magistrate Judge Young B. Kim |
| Defendants. ) | |

## ORDER

On April 23, 2018, the Court received a Joint Motion for Preliminary Approval of Class Settlement Agreement, which attached the final copy of the agreement between parties and a proposed notice plan to the class. The Court has reviewed the agreement and makes a preliminary determination that this is a fair, adequate and reasonable resolution of this action. The Court also finds that the proposed class notice plan adequately and appropriately provides the necessary information about this agreement to the class.

The Court enters the following schedule. The Illinois Department of Corrections is to provide the notice to the Plaintiff class members pursuant to the Notice Plan (attached to this Order as Exhibit A) by May 26, 2018. The Notices shall be in the form attached to this order as Exhibits B1 and B2. Any objections to the settlement should be sent to Plaintiffs' counsel by June 25, 2018. A fairness hearing is set for July 26, 2018 at 10:30 a.m. in Courtroom 2568.

ENTERED

APR 3 0 2018

_____
Marvin E. Aspen
United States District Judge

<u>**EXHIBIT A**</u>

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RALPH HOLMES, *et al.*, on behalf of themselves and all others similarly situated, ) ) ) | |
| Plaintiffs, ) ) | Case No. 11 C 2961 |
| v. ) ) | Honorable Marvin E. Aspen |
| JOHN BALDWIN, Acting Director of Illinois Department of Corrections; *et al.*, ) ) ) | Magistrate Judge Young B. Kim |
| Defendants. ) | |

<u>**NOTICE PLAN**</u>

In furtherance of their agreement to see this Court's approval of the Parties' proposed Settlement Agreement, Plaintiff Ralph Holmes and the other named Plaintiffs, on behalf of themselves and the Class certified by the Court, and Defendant John Baldwin (collectively, the "Parties"), propose that the notices more fully described below be approved by the Court as fully comporting with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process:

1. Defendant will provide, via personal delivery, notice set forth in Exhibit B-1 to all current IDOC inmates known by either Party to be deaf or hard of hearing. The Parties will work in collaboration to identify this list of possible class members. Defendant will effectuate such delivery by no later than May 26, 2018.

2. Defendant will post notice in the form set forth in Exhibit B-2 in the law library and each living unit in each IDOC facility. Defendant will post notices by no later than May 26, 2018.

3.     Class Counsel will create a video translating the notice set forth in Exhibit B-1 into American Sign Language, and after Department approval, the video shall be shown to all class members known by either Party to use American Sign Language. The parties will work in collaboration to identify this list of possible class members. Defendant will effectuate such notice by no later than May 26, 2018.

Dated: April 23, 2018                      Respectfully submitted,

                                                    /s/ Robert L. Michels

Barry C. Taylor                         Robert L. Michels
Amy F. Peterson                     Kate Watson Moss
Laura J. Miller                         Jennifer James
Rachel M. Weisberg              Winston & Strawn LLP
Equip for Equality                    35 W. Wacker Dr.
20 North Michigan Avenue, Suite 300      Chicago, IL 60601-9703
Chicago, IL 60602                  Telephone: (312) 558-5600
Telephone: (312) 341-0022         rmichels@winston.com
rweisberg@equipforequality.org

Howard A. Rosenblum            Alan S. Mills
National Association of the Deaf     Nicole Schult
8630 Fenton Street, Suite 820       Uptown People's Law Center
Silver Spring, MD 20910           4413 North Sheridan
Telephone: (301) 587-1788         Chicago, IL 60640
howard.rosenblum@nad.org       Telephone: (773) 769-1411
                                          alanmills@comcast.net

                                          *Counsel for Plaintiffs*

                                     /s/ Michael Arnold
                                          Michael Arnold
                                          Assistant Attorney General
                                          General Law Bureau
                                          100 W. Randolph, 13th Floor
                                          Chicago, IL 60601
                                          Telephone: (312) 814-3720
                                          marnold@atg.state.il.us

                                          *Counsel for Defendant*

**EXHIBIT B-1**

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RALPH HOLMES, *et al.*, on behalf of themselves and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 11 C 2961 |
| v. | ) ) ) | Honorable Marvin E. Aspen |
| JOHN BALDWIN, Acting Director of Illinois Department of Corrections; *et al.* | ) ) ) ) | Magistrate Judge Young B. Kim |
| Defendants. | ) | |

**LEGAL NOTICE OF PROPOSED CLASS SETTLEMENT AND HEARING**

*If you are deaf or hard of hearing, this settlement may affect your rights. Please read.*

*This is a notice about a proposed settlement that will change how the Illinois Department of Corrections (IDOC) helps deaf and hard of hearing inmates communicate in prison.*

**This notice tells you about (1) the lawsuit; (2) who is impacted by the settlement (the "class"); (3) the proposed settlement agreement; (4) what to do if you do not like the agreement (how to object); and (5) how to get more information.**

1. **The Lawsuit**

In 2011, a group of deaf and hard of hearing inmates filed a lawsuit against the IDOC called *Holmes v. Baldwin*. In the lawsuit, these inmates said that they needed "accommodations" or "auxiliary aids or services" to participate in IDOC programs, and that IDOC did not give them what they needed. For example, these inmates said that they needed sign language interpreters, hearing aids, video phones, closed captioning, a better alert system, and more. The lawsuit filed by the inmates does not ask for money. Instead, the lawsuit asks the Court to order IDOC to provide these things to deaf and hard of hearing inmates so they can communicate effectively while in IDOC custody. There is now a possible settlement that will resolve this lawsuit.

2. **Who Is Impacted By The Settlement (The "Class")**

This settlement helps IDOC inmates who are deaf or hard of hearing.

The deaf and hard of hearing inmates who will benefit from the settlement are called the "settlement class."

You are part of the "settlement class" if you:

- Are in prison in an IDOC facility or will be in the future; *and*

- Cannot hear in one or both ears enough to understand someone who is speaking without a hearing aid or other hearing device; *and*

- Need devices or services to help you communicate (examples include hearing aids, sign language interpreters, telephone amplification, video phones or TTYs, closed captioning on your TV).

3. **The Proposed Agreement**

In the settlement, IDOC has agreed to help deaf and hard of hearing inmates in a number of ways. These ways include:

   A. Hearing Screenings. IDOC will use experts and testing to make sure it knows who is deaf and hard of hearing. It will do two types of hearing tests. IDOC will do a test for hearing loss for three groups of people: (1) everyone first coming to IDOC during intake; (2) anyone who says they think they have hearing loss during physical exams; and (3) anyone who asks for it or asks for a hearing aid.

   B. Audiological Evaluations. IDOC will send people who need more testing to an audiologist. The audiologist will decide if the person needs hearing aids.

   C. Meeting with Communication Specialists. To determine what deaf and hard of hearing inmates need to communicate effectively, IDOC will now use specialists who know how to test communication skills of deaf and hard of hearing inmates. These specialists will decide what IDOC should do to help the inmate communicate in prison. For example, the specialist will decide if the inmate needs accommodations like a sign language interpreter or to communicate in a quiet room. The specialist will decide this for every IDOC program, including medical appointments, classes, meetings and jobs. The name of this test is an "Auxiliary Aids and Services Assessment." Everyone who IDOC knows is deaf or hard of hearing will meet with these specialists. Everyone who is found to be deaf or hard of hearing will meet with these specialists.

   D. Communication Plan. The specialist's findings about what each deaf and hard of hearing inmate needs to communicate effectively will be written in a Communication Plan. Each inmate's Communication Plan will be placed in their medical file and on a centralized database.

   E. Providing Accommodations and Auxiliary Aids and Services. IDOC will provide deaf and hard of hearing inmates with the accommodations and auxiliary aids and services listed in their Communication Plan. There are limited circumstances when IDOC can decide not to provide something written in the Communication Plan. If IDOC can show that the auxiliary aid or service would present a safety or security

2

concern, or cause an "undue financial burden," as defined by the ADA, it may deny the accommodation. But the decision to deny the accommodation must be made by the head of IDOC or his or her designee. Also, if IDOC denies an accommodation because it would cause an undue financial burden or pose a safety or security risk, IDOC must take the next best action that would not pose an undue financial burden or present a safety or security risk.

F. <u>Accommodations Before Auxiliary Aids and Services Assessment</u>. If an inmate needs an accommodation before his or her Auxiliary Aids and Services Assessment is finished, IDOC will provide the accommodation if the inmate asks for it, it is clear to IDOC that the inmate needs the accommodation, and IDOC is able to provide it. IDOC has agreed that it is generally able to provide accommodations like interpreters and video phones.

G. <u>Primary Consideration</u>. When determining what auxiliary aid and service to provide, the specialist and IDOC will give primary consideration to the accommodation requests of the deaf or hard of hearing inmate.

H. <u>Sign Language Interpreters</u>. If an inmate's primary language is American Sign Language, IDOC will provide interpreters for important programs, called "high stakes interactions." High stakes interactions include most medical and mental health care and appointments, disciplinary investigations and hearings, educational and vocational programs with a verbal component, transfer and classification meetings, and meetings with IDOC to discuss accommodations.

I. <u>Hearing Aids</u>. Deaf and hard of hearing inmates will be given the number of hearing aids recommended by the audiologist. IDOC will also promptly provide hearing aids and batteries and promptly send broken hearing aids for repair.

J. <u>Video Phones, TTYs, and Amplified Phones</u>. IDOC will make sure that every facility that has a deaf or hard of hearing inmate will have at least one video phone, two TTYs or equivalent technologies, and two telephones that allow for amplification. Deaf and hard of hearing inmates will not pay more than other inmates making and receiving calls, and will have equal access to telephones, except that in some facilities, if the communication equipment is not in the cell house, IDOC may require appointments during the same time as others may use the telephone.

K. <u>Televisions</u>. IDOC will make sure that all televisions already owned have open or closed captioning, and will only buy new televisions with open or closed captioning. IDOC also make sure all movies played are available in open or closed captioning. IDOC will provide, at no cost, headphones that are large enough to fit over the ears of deaf and hard of hearing inmates to allow them to hear television programming.

L. <u>Tactile Notification System</u>. The IDOC will provide a safe and effective tactile notification system that will tell deaf and hard of hearing inmates about events like

3

the arrival of visitors, meals, showers, yard time, doctor appointments, evacuations and emergencies.

M. <u>Video Remote Interpreting for Medical Appointments</u>. IDOC will make sure that every facility that has a deaf or hard of hearing inmate will have a Video Remote Interpreting (VRI) for communication about medical issues, and that the VRI will work and will meet the Department of Justice's requirements.

N. <u>Orientation</u>. IDOC will make sure that its orientation is accessible. It will use simple English in its written materials, and will play videos with closed captioning and in American Sign Language. If IDOC knows that an inmate is deaf or hard of hearing, it will meet separately with the inmate to review all materials and answer questions. If the inmate uses American Sign Language, IDOC will provide an interpreter for this separate meeting.

O. <u>Employment</u>. IDOC will not deny prison employment to any otherwise qualified deaf or hard of hearing inmate who can perform the essential functions of the position with or without a reasonable accommodation.

P. <u>Hand Restraint Policy</u>. IDOC may allow deaf and hard of hearing inmates to remove their hand restraints when they need to communicate through American Sign Language.

Q. <u>Identification Card</u>. IDOC will continue to give deaf and hard of hearing inmates an identification card that says the inmate is deaf or hard of hearing, and inmates may continue to say they do not want this ID card.

R. <u>Housing</u>. IDOC will not transfer a deaf or hard of hearing inmates to a different facility with a higher security level or different programming just because of their disability. IDOC will consider requests for deaf and hard of hearing inmates to be housed with another deaf or hard of hearing inmate.

S. <u>Centralized Database</u>. IDOC will use, and regularly update, a centralized database to that will include information about every deaf and hard of hearing inmate's accommodations.

T. <u>Training</u>. IDOC staff will be trained on a number of topics related to deaf and hard of hearing inmates, including communication needs, using interpreters and using telephone technologies.

U. <u>Rights Materials</u>. IDOC will update its orientation manuals to add information about the rights of deaf and hard of hearing inmates, and will give this information to all current and future deaf and hard of hearing inmates.

4

  V. <u>Monitoring and Enforcement</u>. The Court and the attorneys representing the deaf and hard of hearing inmates (also called "Class Counsel") will monitor this settlement with IDOC to make sure that these changes are made. IDOC has to send Class Counsel documents and answer questions about what it is doing to meet the requirements of the settlement. If Class Counsel believes IDOC has not met its obligations under the settlement, the Court will resolve the dispute.

  W. <u>Attorneys' Fees and Costs</u>. The lawyers who have handled the case for the deaf and hard of hearing inmates are called "Class Counsel." These lawyers have worked on this case for over 8 years and will continue working on the case for the next 4 years, to monitor IDOC and make sure that IDOC does what it is supposed to do under the settlement. As part of the settlement, IDOC will pay $1,500,000.00 to Class Counsel. This amount will help offset the costs the Class Counsel has spent on this case as well as Class Counsel's attorneys' fees for the past 8 years and the next 4 years. Class members do not have to pay anything to Class Counsel.

  X. <u>Termination</u>. The Court will keep this case open to oversee, supervise and enforce the terms of the Agreement for at least two, but no more than four years, following approval of the Agreement. IDOC can ask the Court to stop monitoring the agreement if it shows that it has met any particular term of the Agreement before the four year time period.

4. **<u>What To Do If You Do Not Like The Agreement (How to Object)</u>**

If you do not like the agreement, you can tell the lawyers and the judge. This is called sending an objection. To send an objection, mail a letter saying <u>why</u> you do not like the agreement. The judge will think about the objections before deciding whether the agreement is okay. If you have an attorney, you may talk to your attorney about this agreement.

Mail the letter saying why you do not like the agreement to **Holmes v. Baldwin Objections,** c/o Equip for Equality, 20 North Michigan Avenue, Suite 300, Chicago, IL 60602. The lawsuits must get your objection by **June 25, 2018.** Please be specific about why you do not like the agreement and do not write more than 15 pages.

The judge will hold a hearing to decide whether to approve the agreement. The hearing will take place on July 26, 2018 at 10:30 A.M., in Courtroom 2568 of the Everett McKinley Dirksen United States Courthouse at 219 South Dearborn Street, Chicago, IL.

If you like the agreement, you do not have to do anything.

5. **<u>How To Get More Information</u>**

If you would like more information, you can contact the lawyers who represent the class. They can send you a copy of the Settlement Agreement and answer your questions.

- Robert Michels, Winston & Strawn, LLP, 35 W. Wacker Drive, Chicago, IL 60601-9703

- Alan Mills, Uptown People's Law Center, 4413 N. Sheridan, Chicago, IL 60640
- Barry C. Taylor, Equip for Equality, 20 N. Michigan Ave., Suite 300, Chicago, IL 60602

**EXHIBIT B-2**

   

## LEGAL NOTICE OF THE PROPOSED SETTLEMENT OF A LAWSUIT BROUGHT ON BEHALF OF DEAF AND HARD OF HEARING INMATES

*If you are deaf or hard of hearing, this Legal Notice may affect your rights. Please read.*

*This is a Legal Notice about a proposed settlement of a lawsuit. The lawsuit was brought to benefit deaf and hard of hearing inmates.*

*The settlement will change how the Illinois prisons provide deaf and hard of hearing inmates with ways to talk with other people.*

### WHAT IS THIS ABOUT?

In 2011, a group of deaf and hard of hearing inmates sued the Illinois prisons (called the "Illinois Department of Corrections" or "IDOC"). The name of the court case is *Holmes v. Baldwin*. These inmates said that they need things like interpreters, captioning, and hearing aids while in prison, but IDOC does not give them what they need. These inmates sued to get a court to order IDOC to give them those things. There was no request for money in this court case. Both sides have now agreed to a settlement. The settlement will end the case if it is approved by the court.

### WHO IS PART OF THE SETTLEMENT?

The group of inmates who will benefit from this settlement is called the settlement "Class." You are part of that group if:

- You are in prison in an Illinois prison or will go to an Illinois prison in the near future; *and*
- Without a hearing aid or other hearing device, you cannot hear in one or both ears enough to understand someone who is speaking; *and*
- To help you talk with hearing people, you need devices or services (such as hearing aids, sign language interpreters, amplified telephones, videophones or TTYs, closed captioning on your TV).

### WHAT IS THE AGREEMENT?

In the settlement, IDOC has agreed to help deaf and hard of hearing inmates in a number of ways. Here are some of the most important parts of the settlement:

- Hearing Tests. IDOC will give more hearing tests so that it knows who is deaf and hard of hearing. IDOC will send people who need more testing to an audiologist.

- Communication Specialists. IDOC will use specialists who know how to test communication skills of deaf and hard of hearing inmates. These specialists will decide what IDOC should do to help the inmate communicate in prison. For example, the specialist will decide when the inmate needs accommodations like a hearing aid or a sign language interpreter.

- Communication Plan and Providing Accommodations. What the "communication specialist" finds is the best way for you to talk with people may become your "ADA Communication Plan" if it is possible.

- Hearing Aids. IDOC may give you one or two hearing aids if the audiologist says you need them. If you need new batteries, IDOC must give them to you soon without a long wait. Also, if your hearing aid breaks, the IDOC must send it for repair without a long wait.

- Sign Language Interpreters. If you communicate in American Sign Language (ASL), then IDOC needs to provide you with sign language interpreters for important programs, such as: most doctor and counselor appointments, disciplinary investigations and hearings, classes, work programs that include talking with others, and others.

- Video Phones, TTYs, and Amplified Phones. Every Illinois prison with a deaf or hard of hearing inmate must have at least one videophone (VP), two TTYs, and two amplified telephones.

- Alerts for Fires and Other Things. Every Illinois prison that has a deaf or hard of hearing inmate must have a safe way to notify you about fires, emergencies, evacuations, meals, showers, yard time, your doctor or counselor appointments, and that your visitors are here to see you.

- VRI. The Illinois prisons must also give you Video Remote Interpreting (VRI) for doctor appointments when no sign language interpreter can come to the prison for your meeting with the doctor.

- Information about Prison Rules. For every new inmate who arrives at a prison from court, the Illinois prisons must give those inmates information and rules about what they can or cannot do while in prison. Illinois prisons must give you this information in ASL or with captioning on the videos. Illinois prisons must also meet with you to explain the rules to make sure you understand. Illinois prisons must also explain your rights to you.

- Work. All deaf and hard of hearing inmates can ask to work, and Illinois prisons must give you the same chance to work as any other inmate.

- Hand Restraint. If your hands are handcuffed or restrained, you cannot talk in ASL. Illinois prisons may remove your handcuffs or hand restraints to let you talk in ASL.

- ID Card. You can ask for an ID card that shows you are deaf or hard of hearing. You can also ask for an ID card that does not say you are deaf or hard of hearing.

- Where You Will Go. You can ask to be in a prison with other deaf or hard of hearing inmates. IDOC can decide which prison you go to, but will consider your request. IDOC cannot move you to a prison with higher security just because you are deaf or hard of hearing.

- Monitoring, Enforcement, Attorneys' Fees. To make sure you are protected, the judge and the lawyers who work for you will watch the IDOC to make sure you get your rights and services. If the lawyers think that IDOC has not given you your rights and services, then the lawyers will ask the judge for help. The lawyers worked for over 8 years to get IDOC to

2

agree to give these rights and services to deaf and hard of hearing inmates. The judge will order IDOC to pay $1,500,000.00 to the lawyers for their work and the costs they have spent over the last 8 years, and to watch the IDOC for 4 more years. You do not have to pay any money for this case.

### CAN I DISAGREE?

If you do not like what the agreement, and you want something different, you can tell the lawyers and the judge by sending an "Objection." If you want to do this, then you need to write a letter (no more than 15 pages) saying why you do not like this agreement and mail the letter to: **Holmes v. Baldwin Objections,** c/o Equip for Equality, 20 North Michigan Avenue, Suite 300, Chicago, IL 60602. If you want to send this Objection, you need to make sure the lawyers get your Objection by **June 25, 2018.**

The judge will consider all objections and then decide yes or no for this agreement. The judge will have a hearing on July 26, 2018 at 10:30 A.M., in Courtroom 2568 of the Everett McKinley Dirksen United States Courthouse at 219 South Dearborn Street, Chicago, IL.

### HOW DO I GET MORE INFORMATION?

If you want more information, you can contact the lawyers who work for the deaf and hard of hearing inmates. They can answer your questions. They also can send you a copy of the Settlement Agreement. You can write to any of these lawyers:
- Robert Michels, Winston & Strawn LLP, 35 W. Wacker Drive, Chicago, IL 60601
- Alan Mills, Uptown People's Law Center, 4413 N. Sheridan, Chicago, IL 60640
- Barry Taylor, Equip for Equality, 20 N. Michigan Ave., Suite 300, Chicago, IL 60602