UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RALPH HOLMES, et al., on behalf of themselves and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 11 C 2961 |
| v. | ) ) | Honorable Judge Young B. Kim |
| ROB JEFFREYS, Acting Director of Illinois Department of Corrections; et al., | ) ) ) | |
| Defendants. | ) ) | |

### PLAINTIFFS' RESPONSE TO IDOC'S
### FEBURARY 17, 2021 UPDATE REGARDING LHIDs AND JACKSONVILLE

On January 27, 2021, the Court ordered Illinois Department of Corrections ("IDOC") to "submit a status report to the class: (1) on the 700 inmates who were initially evaluated by LHIDs, including the names of these inmates, whether they received an audiological evaluation, and the dates of their evaluations; and (2) on the tactile system at Jacksonville Correctional Center" by February 10, 2021.[1] (Dkt. 646). On February 10, 2021, the Court modified this Order to allow IDOC an additional week to submit this update. (Dkt. 648.) On February 17, 2021, IDOC sent an email to the Court and Class Counsel entitled "LHID and Jacksonville Update," ("Update") in which it provided a narrative response to the Court's order and attached an excel spreadsheet. Attached as Exhibit 1 is IDOC's email (without the excel spreadsheet). The Parties had a telephone meet-and-confer on March 19, 2021, to discuss Plaintiffs' response to IDOC's LHID and Jacksonville Update. Plaintiffs file this Response to provide the Court with our analysis of IDOC's report and the information obtained from client interviews.

---

[1] While Plaintiffs have ongoing concerns related to IDOC's ongoing usage of the MMCall tactile alert system, which we anticipate will be an important topic in response to IDOC's March 2021 Report, Plaintiffs have no concerns specific to IDOC's February 17, 2021, update related to Jacksonville's implementation of the tactile alert system in January 2021.

1

I.   **Issues IDOC Identified in its Update**

IDOC identified two situations where IDOC commonly failed to refer individuals to audiologists—after individuals were transferred to new facilities and individuals incarcerated at Stateville Correctional Center. Throughout the settlement implementation period, Class Counsel has urged IDOC to be transparent and to identify its own failures. IDOC has done that here, which the Class acknowledges and is pleased to see. However, the Class has also urged IDOC to identify how it intends to *remedy* the failures to avoid future problems. Agreeing with the Class, the Court ordered IDOC to "identify its own failures to comply with the class settlement, the reasons for the identified failures, and what IDOC has done or will do to remedy the failures to avoid future failures." (Dkt. 646.) IDOC has not identified solutions to ensure that these problems are resolved.

A.   **33 Class Members Were Not Referred to Audiologists Following Transfers to New Facilities and IDOC Has Not Identified a Remedy**

IDOC reports that, during its review, it identified 33 individuals who had not been referred to see an audiologist following transfers. IDOC reports that 28 of the 33 individuals were "already identified as deaf or hard of hearing and have their accommodations; therefore, the lack of an earlier referral to an audiologist does not prevent an accommodation from being provided to 28 of the 33 offenders."

Class Counsel surveyed 9 of the 28 identified Class Members (32%). Most (8 of 9) agreed that they have received their accommodation. One Class Member, ▬▬▬ ▬▬▬ (▬▬▬ incarcerated at Pontiac, reported that he has not received his accommodation. While Pontiac's ADA Coordinator completed his internal ADA Communication in February 2020, he has still not received his cell placard and ID card. He also reports that he has been waiting five months to receive replacement batteries for his hearing aids rendering his hearing aids unusable

2

during this time. The Class asks IDOC to ensure that Mr. ▇▇▇ receives his cell placard, ID card, and hearing aid batteries as soon as possible. During the Parties' meet-and-confer, IDOC agreed to investigate Mr. ▇▇▇ specific situation and provide an update to Class Counsel.

While IDOC has rectified this particular error by referring these 33 individuals to audiologists, in its Update, it does not identify: (1) why the receiving facilities were unaware of the need to refer individuals to audiologists; or significantly (2) what steps IDOC will implement to ensure that individuals, upon transfer, will still be referred to see Audiologists. During the Parties' meet-and-confer, IDOC explained that the errors were a result of the process by which the facilities reviewed their records to determine if a Class Member saw an LHID. It also suggested that the facilities communicate with one another when a Class Member is transferred to a new facility, which should prevent these types of errors from occurring under ordinary circumstances. Class Counsel intends to monitor this issue moving forward.

    **B.    30 Class Members at Stateville Correctional Center Were Not Referred to Audiologists and IDOC Has Not Identified a Remedy**

IDOC reports that, during its review, it identified 33 individuals who had not been referred to see an audiologist due to misreporting by Stateville's prior ADA Coordinator. IDOC reports that 29 of the 30 individuals are identified as deaf or hard of hearing and, thus, "the lack of an earlier referral to an audiologist does not prevent any accommodations from being provided."

Class Counsel has not been able to survey individuals at Stateville due to a lack of availability for legal phone calls at Stateville. Once Class Counsel is able to do so, if we identify problems, we will raise them during our next court filing.

Here, too, IDOC has not identified how it intends to ensure that the misreporting at Stateville will not happen in the future. During the Parties' meet-and-confer, IDOC stated that

3

the issue at Stateville was an isolated personnel issue that has been addressed. Class Counsel will continue to monitor this issue.

## II.    Plaintiffs' Analysis of IDOC's Data

IDOC provided data for 647 individuals who previously saw an LHID and who remain incarcerated. As of February 10, 2021, of the 647 individuals:

- 422 people are waiting to see an audiologist
- 203 people have seen an audiologist
- 18 people refused to see an audiologist
- 4 people are waiting to be referred to an audiologist

### A.    Refusals

Class Counsel surveyed 8 of the 18 individuals (44%) who IDOC reports refused to see an audiologist.[2] Three individuals confirmed that they refused for pandemic-related reasons as they did not want to travel or be quarantined upon their return from the audiologist. One individual (█████ █████ █████ Vienna) confirmed that he refused on October 19, 2020, after being told that his audiology evaluation would place him on a hold to transfer into a work program (which still has not occurred). While Mr. █████ is satisfied with his current accommodations at this time so is not seeking to be sent for an evaluation, the Class has concerns that transfers (especially to less restrictive facilities or into specialized programming) are being delayed due to audiological evaluations. Class Counsel will continue to monitor this issue.

---

[2] Class Counsel has additional legal calls scheduled over the next week. Class Counsel has been unable to schedule these calls sooner as a result of extremely long wait times to schedule legal calls. We will update this Response as we receive additional information.

Four individuals (50% of those surveyed) report that they did not refuse the audiological evaluation (or at least do not recall refusing the audiological evaluation). These four Class Members are:

- ███████ ████████ (███████ **Lawrence**)**:** Reports that he did not refuse an audiology appointment, but instead, was told by security that the appointment was cancelled due to the facility's COVID outreach.

- ███████ ██████ (███████ **Vienna**)**:** Does not recall signing a refusal; his hearing aids are too big.

- ████████ █████ (███████ **Graham**)**:** Reports that he did not refuse an audiology appointment and that he would like to be reassessed for hearing aids.

- ███████ ██████ (███████ **Vienna**)**:** Does not recall signing a refusal and does want to see an audiologist.

The Class requests that IDOC issue new audiology referrals for ██████ and ██████ within the next thirty days. The Class also requests that IDOC offer ████████ and ██████ another opportunity to see an audiologist, should they so choose. During the Parties' meet-and-confer, IDOC agreed to review these four specific situations and provide Class Counsel with an update.

### B. Individuals Waiting for Audiology Appointments

Of the 647 individuals who saw LHIDs and currently incarcerated, 422 individuals are still waiting for their audiology appointments. Counsel for the Plaintiff Class contend that the IDOC is *not* using its best efforts (as required by the Seventh Circuit's opinion) and intends to seek discovery to explore exactly what efforts the Department has made to ensure that evaluations are performed in a reasonable period of time.

Dated: March 22, 2021

                                                RESPECTFULLY SUBMITTED,

                                                By: /s/ *Rachel M. Weisberg*
                                                One of the attorneys for Plaintiffs

| | |
|---|---|
| Barry C. Taylor | Robert L. Michels |
| Laura J. Miller | Whitney Ising Adams |
| Rachel M. Weisberg | Winston & Strawn LLP |
| Lark Mulligan | 35 W. Wacker Dr. |
| Equip for Equality | Chicago, IL 60601-9703 |
| 20 North Michigan Avenue, Suite 300 | Telephone: (312) 558-5600 |
| Chicago, IL 60602 | rmichels@winston.com |
| Telephone: (312) 341-0022 | |
| rachelw@equipforequality.org | Alan S. Mills |
| | Nicole Schult |
| Howard A. Rosenblum | Uptown People's Law Center |
| National Association of the Deaf | 4413 North Sheridan |
| 8630 Fenton Street, Suite 820 | Chicago, IL 60640 |
| Silver Spring, MD 20910 | Telephone: (773) 769-1411 |
| Telephone: (301) 587-1788 | alanmills@comcast.net |
| howard.rosenblum@nad.org | |

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on March 22, 2021, a copy of the foregoing was served via CM/ECF on all counsel of record.

/s/ *Rachel M. Weisberg*
One of the Attorneys for Plaintiffs