## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| RALPH HOLMES, *et al.,* on behalf of themselves and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 11 C 2961 |
| v. | ) ) ) | |
| ROB JEFFREYS, Director of Illinois Department of Corrections; *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## JOINT MOTION TO EXTEND AND
## MODIFY SPECIFIC TERMS OF SETTLEMENT AGREEMENT

1.     On May 4, 2011, Plaintiffs filed a Complaint for Declaratory and Injunctive Relief on behalf of themselves and a class of similarly situated deaf and hard of hearing individuals in custody of the Illinois Department of Corrections (the "Department" or "IDOC") to remedy class-wide violations of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, the Religious Land Use and Institutionalized Persons Act ("RLUPA"), and the Constitution of the United States.

2.     After extensive litigation, the parties entered into a Stipulation of Settlement ("Settlement Agreement") (Dkt. 446-2), which the Court approved on July 26, 2018 ("Effective Date").  (Dkt. 454).

3.     Per the Settlement Agreement, IDOC was required to implement a robust system for identifying, assessing and accommodating individuals in custody who are deaf and hard of hearing. The Settlement Agreement contained various other requirements to ensure that IDOC provided Class Members with effective communication and to prevent discrimination. Among other requirements, the Settlement Agreement also required IDOC to provide Class Members

with access to video phones, TTYs, amplified phones, vibrating watches, over-the-ear headphones, and a safe and effective tactile notification system. The Settlement Agreement also required IDOC to provide certain Class Members with Qualified Interpreters, such as American Sign Language ("ASL") Interpreters.

4.      This Court agreed to retain jurisdiction to fully oversee and enforce the terms and conditions of the Agreement.

5.      The Settlement Agreement is set to expire on July 26, 2022.

6.      The parties agree that certain provisions of the Settlement Agreement should be extended for six (6) months – until January 26, 2023 – to allow IDOC additional time to implement a solution and develop a track record that it is consistently providing Qualified Interpreters. In furtherance of this extension, the parties also agree that specific portions of the Settlement Agreement should be modified.

7.      In exchange for this extension, Class Counsel agrees not to request discovery and/or file a motion to enforce or otherwise seek relief from the Court regarding the provision of Qualified Interpreters prior to October 1, 2022.

8.      If IDOC can demonstrate substantial compliance with terms of the Extended Agreement for a period of three consecutive months, then Plaintiffs will not bring a motion to enforce to the Court, but if IDOC cannot demonstrate substantial compliance with the terms of the Extended Agreement for a period of three consecutive months, then Plaintiffs have the option of seeking judicial relief, including attorneys' fees for investigating and litigating non-compliance, as authorized in ¶93 of the Settlement Agreement. In the event Plaintiffs seek such judicial relief, both IDOC and Plaintiffs may make any argument and take any position with

respect to the request for relief that they deem appropriate and, by entering the Extension, do not waive or otherwise compromise any such argument or position.

9.      As such, the parties ask the Court to approve the parties' agreement to extend and modify certain provisions of the Settlement Agreement and to continue to exercise jurisdiction over the extended terms of the Settlement Agreement, as outlined in the Proposed Agreed Order attached to this motion as Exhibit 1 and submitted to the Court.

Dated:  June 17, 2022                          RESPECTFULLY SUBMITTED,

                                               By: */s/ Robert L. Michels*
                                               One of the attorneys for Plaintiffs

Barry C. Taylor                                Robert L. Michels
Rachel M. Weisberg                             Whitney Ising Adams
Sophia Lau                                     Winston & Strawn LLP
Equip for Equality                             35 W. Wacker Dr.
20 North Michigan Avenue, Suite 300            Chicago, IL 60601-9703
Chicago, IL 60602                              Telephone: (312) 558-5600
Telephone: (312) 341-0022                      rmichels@winston.com
rachelw@equipforequality.org

Howard A. Rosenblum                            Alan S. Mills
National Association of the Deaf               Nicole Schult
8630 Fenton Street, Suite 820                  Uptown People's Law Center
Silver Spring, MD 20910                        4413 North Sheridan
Telephone: (301) 587-1788                      Chicago, IL 60640
howard.rosenblum@nad.org                       Telephone: (773) 769-1411
                                               alanmills@comcast.net

                                               By: */s/ Nicholas S. Staley*
                                               One of the attorneys for Defendant

                                               Nicholas S. Staley
                                               Michael D. Arnold
                                               Counsel for Defendant
                                               Illinois Attorney General's Office
                                               100 West Randolph Street, 13th Floor
                                               Chicago, IL 60601
                                               Telephone: (312) 814-3720
                                               nicholas.staley@ilag.gov

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on June 17, 2022 a copy of the foregoing was served via CM/ECF on all counsel of record.

/s/ *Sophia Lau*
One of the Attorneys for Plaintiffs